W. W. STILLEY v. GOLDSBORO PLANING MILLS COMPANY.

(Filed 26 March, 1913.)

1. Motions — New Trial — Newly Discovered Evidence — Superior Courts—Same Term—Practice.

Passing upon a motion in the Superior Court to set aside a verdict as being against the weight of the evidence or for newly discovered testimony involves the recollection by the trial judge of the testimony, the demeanor of the witnesses, and other incidents of the trial, and as these are not so strongly impressed upon the memory of the judge that he may safely act after an adjournment, the motion must be made and determined at the same term at which the trial is had.

2. Motions — New Trial — Newly Discovered Evidence — Supreme Court—Appeal and Error.

In order for a party litigant to avail himself of newly discovered evidence in the Supreme Court, the case must be brought to that Court on appeal.

3. Same—Practice.

As to whether a defendant may avail himself of plaintiff's appeal to move the Supreme Court for a new trial on newly discovered evidence, *Quære;* but in this case the Court has exam-

ined the evidence relied on by the defendant, and refuses the motion made thereon, and, following the practice of the Court in such instances, without discussion.

APPEAL from *Ferguson, J.,* at ·November Term, 1912, of WAYNE.

Motion in above cause to set aside verdict and judgment and to grant a new trial upon the ground of newly. discovered evidence. *Judge Ferguson* granted the motion and set aside the judgment. The plaintiff appealed.

*W. T. Dortch, Langston & Allen, Winston & Biggs for plaintiff.*

*W. S. O'B. Robinson & Son for defendant.*

BROWN, J. At October Term, 1912, of Wayne Superior Court plaintiff obtained judgment in a trial before *Ferguson, J.,* against defendant for damages on account of a personal injury. Defendant appealed, and was given sixty days within which to serve case on appeal. The case was never served and the appeal was abandoned.

At the same term of court the defendant, in the absence of counsel for the plaintiff, moved the court to strike out the judgment and set aside the verdict, "upon the ground of newly discovered testimony." This motion was continued by the trial judge, "at the suggestion of counsel for the defendant," to be heard at the November Term, 1912. Plaintiff had no notice of this motion, and as soon as it was brought to the attention of his attorneys they resisted it. At the succeeding term of court, in November, *Judge Ferguson* heard this motion, and the plaintiff's attorney made a special appearance and resisted same, first, upon the ground that the court had no power to grant the motion at November Term; second, that the affidavits upon which the motion was based, of themselves, are not sufficient to sustain said motion. The judge was of opinion "that a new trial should be granted, on condition that the defendant corporation give a justified bond in the sum of $9,000 to pay any judgment which the plaintiff may recover of the defendant on a new trial, and upon the filing of said bond in ten days the judgment heretofore rendered in this case be canceled, the verdict set aside, and the case reinstated on the civil-

issue docket for trial. In case the aforesaid bond is not filed in said time, the verdict and judgment shall stand and execution issue thereon." The plaintiff excepted and appealed.

It is well settled under our practice that a motion to set aside a verdict and grant a new trial upon the ground of newly discovered evidence must be made and determined at the same term at which the trial is had.

It is likewise settled that when the new evidence is discovered during the trial term, but too late for the trial judge to hear a motion for a new trial at that term, such motion may be made in the Supreme Court, if the case is brought to that Court by appeal. *Turner v. Davis,* 132 N. C., 187; *Chisco v. Yow,* 153 N. C., 436; *Clothing Co. v. Bagley,* 147 N. C., 38.

The reasons why verdicts should not be set aside at subsequent terms, whether because against the weight of the evidence or for newly discovered testimony, is because hearing and determining such motions involve recollection by the trial judge of the testimony, the demeanor of the witnesses, and other incidents of the trial, which are not so strongly impressed upon the memory of a judge that he may safely act upon them after adjournment. *Knowles v. Savage,* 140 N. C., 374.

The defendant moves in this Court upon the hearing of this, the plaintiff's appeal, for a new trial upon the ground of newly discovered evidence.

It is contended that, inasmuch as the defendant abandoned its appeal, such motion ought not to be entertained upon the hearing of plaintiff's appeal from the order setting aside the verdict and judgment. However that may be, we deem it unnecessary to pass on the point, as we have of our volition examined the newly discovered evidence offered in support of the motion. It is our practice not to give our reasons for granting or refusing such motions, therefore we will not discuss the matter now.

The motion is denied.

The judgment of the Superior Court setting aside the verdict and judgment is reversed. The plaintiff is entitled to have the judgment signed and entered at October Term, 1912, duly docketed.

Error.