R. LESTER CRANE v. GUY T. CARSWELL.

(Filed 26 April, 1933.)

**New Trial B g—**

Although the discretionary ruling of the trial court upon an application for a new trial for newly discovered evidence is not reviewable on appeal, where the applicant fails to make out a showing of "newly discovered evidence" sufficient in law to invoke the discretionary ruling, the granting of the application will be held for error.

APPEAL by defendant from *Harding, J.,* at February Term, 1933, of UNION.

Civil action to recover damages for alleged negligent injury, tried at the March Term, 1932, which resulted in a verdict and judgment for defendant, affirmed on appeal, 203 N. C., 555.

Thereafter, at the next succeeding term of the Superior Court of Union County, following affirmance of judgment on appeal, the plaintiff moved for a new trial on the ground of newly discovered evidence. Motion allowed and defendant appeals, for that, the showing made by plaintiff on the hearing of said motion was not sufficient to warrant favorable action on the part of the court.

*No counsel appearing for plaintiff.*
*J. Laurence Jones and Vann & Milliken for defendant.*

STACY, C. J. No appeal lies to this Court from the discretionary determination of an application for new trial on the ground of newly discovered evidence. *S. v. Lea,* 203 N. C., 316. But where the applicant fails to make out a showing of "newly discovered evidence," as this phrase is defined in the law (*S. v. Casey,* 201 N. C., 620, 161 S. E., 81), no occasion arises for the exercise of the court's discretion. *Stilley v. Planing Mills,* 161 N. C., 517, 77 S. E., 760. We agree with the defendant that plaintiff's showing on his application for new trial on the ground of newly discovered evidence was insufficient to invoke a discretionary ruling in his behalf. *Stilley v. Planing Mills, supra.*
Error.