J. N. BYRD, EMPLOYEE, v. GLOUCESTER LUMBER COMPANY, EMPLOYER, AND AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, INSURANCE CARRIER.

(Filed 31 October, 1934.)

1. **Master and Servant F i—Jurisdiction of Superior Court upon appeal from award of Commission is limited to questions of law.**

   The award of the Industrial Commission is conclusive on appeal as to all questions of fact involved in the proceeding and determined by the Commission, and the jurisdiction of the Superior Court is limited to questions of law only. N. C. Code, 8081 (ppp).

2. **Same—Superior Court has jurisdiction to remand case to Commission for rehearing on ground of newly discovered evidence.**

   While the Compensation Act contains no express provision authorizing the Superior Court, upon appeal from an award of the Industrial Com-

mission, to remand the case to the Commission for a rehearing on the ground of newly discovered evidence, the Superior Court has the discretionary power to do so in proper instances.

**3. Appeal and Error J a—**

On appeal from an award of the Industrial Commission, a motion to remand the case to the Commission on the ground of newly discovered evidence is addressed to the discretion of the Superior Court, and its determination thereof is not ordinarily reviewable by the Supreme Court.

APPEAL by defendants from *Finley, J.,* at April Term, 1934, of TRANSYLVANIA. Affirmed.

This is a proceeding for compensation under the provisions of the North Carolina Workmen's Compensation Act for an injury which the plaintiff suffered on 2 March, 1929, while he was at work as an employee of the defendant Gloucester Lumber Company.

The proceeding was begun before the North Carolina Industrial Commission, and was first heard by Commissioner Dorsett. From the evidence offered at the hearing before him Commissioner Dorsett found that the plaintiff's disability was not the result of an injury by accident which arose out of and in the course of his employment by the defendant Gloucester Lumber Company. On this finding compensation was denied. The full Commission, on its review of the hearing before Commissioner Dorsett, approved and adopted the findings of fact and conclusions of law made by him, and denied compensation. The plaintiff appealed from the award of the Industrial Commission to the Superior Court of Transylvania County. The appeal was duly docketed in said court. It has not been heard on its merits.

On 9 October, 1933, the plaintiff moved in the Superior Court for a rehearing of the proceeding by the Industrial Commission on the ground that since his appeal was docketed in said court he had discovered new evidence in support of his claim for compensation. The defendants moved that the motion of the plaintiff be dismissed on the ground that the court was without jurisdiction to hear plaintiff's motion for a rehearing of the proceeding by the Industrial Commission on the ground of newly discovered evidence.

The proceeding was heard at February Term, 1934, of the Superior Court of Transylvania County, on the motions of the defendants and the plaintiff, respectively.

The motion of the defendants that the motion of the plaintiff be dismissed was denied.

The motion of the plaintiff for a rehearing of the proceeding on the ground of newly discovered evidence was allowed.

From the order of the Superior Court remanding the proceeding to the Industrial Commission, in accordance with the motion of the plaintiff, the defendants appealed to the Supreme Court.

*Ralph H. Ramsey, Jr., for plaintiff.*
*Smathers & Smathers for defendants.*

CONNOR, J.    The award of the Industrial Commission in this proceeding, made 11 February, 1930, and, on the facts found by the Commission, denying compensation to the plaintiff, was conclusive as to all questions of fact involved in the proceeding and determined by the Commission.    It is so expressly provided by statute.    N. C. Code of 1931, sec. 8081 (ppp).

On plaintiff's appeal from the award to the Superior Court, only questions of law involved in the proceeding and decided by the Industrial Commission could be considered.    This is also expressly so provided by statute.    N. C. Code of 1931, sec. 8081 (ppp).    The jurisdiction of the Superior Court is limited to a consideration of questions of law only.

There is no provision in the North Carolina Workmen's Compensation Act authorizing the Superior Court to consider a motion for a rehearing by the Industrial Commission of a proceeding for compensation, on the ground that since the docketing of an appeal from an award of the Commission, a party to the proceeding has discovered new evidence which supports his contention as to the facts found by the Commission adversely to him, and to remand the proceeding to the Commission for a rehearing.

For this reason the appellants in the instant case contend that there was error in the refusal of the judge of the Superior Court to dismiss the motion of the plaintiff, and in the order remanding the proceeding to the Industrial Commission for a rehearing.    This contention is not sustained.    The judge had the power to consider plaintiff's motion and, on the facts found by him, in his discretion to grant the motion.

It is well settled that this Court, although its jurisdiction is limited by the Constitution of North Carolina to the review, upon appeal, of decisions of the Superior Court upon matters of law or legal inference, has the power to consider a motion for a new trial of an action pending here on appeal, on the ground of newly discovered evidence, and in a proper case to grant the motion.    *Moore v. Tidwell,* 194 N. C., 186, 138 S. E., 541; *Johnston v. R. R.,* 163 N. C., 431, 79 S. E., 690.

On this principle we are of opinion, and so hold, that when a proceeding for compensation under the provisions of the North Carolina Workmen's Compensation Act has been duly docketed in the Superior Court, upon an appeal from an award of the Industrial Commission, the Superior Court has the power in a proper case to order a rehearing of the proceeding by the Industrial Commission on the ground of newly discovered evidence, and to that end to remand the proceeding to the Commission.

Whether the judge of the Superior Court shall exercise this power in any proceeding pending in said court rests upon his discretion. His action, therefore, is ordinarily not subject to review by this Court.

We find no error in the order in the instant case. It is

Affirmed.