CHARLES D. SANGER, JR., TRUSTEE, v. ROBERT LEE GATTIS.

(Filed 15 April, 1942.)

**Trial § 47—**

> Evidence which is merely cumulative or corroborative of the evidence offered by the party at the trial is insufficient to invoke the discretionary power of the court to order a new trial for newly discovered evidence, and the granting of the motion will be held for error.

APPEAL by plaintiff from *Carr, J.,* at February Term, 1942, of WAKE.

Civil action by trustee in bankruptcy to remove cloud on title to lands belonging to the bankrupt.

Upon denial of title, the action was converted into one of ejectment, the case depending on an alleged mistake in the drafting of a deed in 1916 to the *locus in quo.*

The jury answered in favor of the plaintiff.

During the term and before judgment, the defendant made application for a new trial on the ground of newly discovered evidence.   The motion was allowed, and plaintiff appeals.

*W. C. Harris, Jr., for plaintiff, appellant.*
*John W. Hinsdale for defendant, appellee.*

STACY, C. J. The only question for decision is whether the applicant for new trial on the ground of newly discovered evidence has made sufficient showing to invoke a discretionary ruling in his behalf. The record suggests a negative answer. *Bullock v. Williams,* 213 N. C., 320, 195 S. E., 791; *Crane v. Carswell,* 204 N. C., 571, 169 S. E., 160.

The "newly discovered evidence" fails to go to the heart of the case, to wit, the alleged mistake in drafting the deed of 22 June, 1916. It seems to be merely cumulative or corroborative of the evidence offered by the defendant at the trial. This was insufficient to invoke the aid of the court. *Stilley v. Planing Mills,* 161 N. C., 517, 77 S. E., 760. The order granting a new trial will be stricken out.

Error.