EUGENE MOORE, EMPLOYEE v. SUPERIOR STONE COMPANY, EMPLOYER,
AND INDEMNITY INSURANCE CO. OF NORTH AMERICA, CARRIER

(Filed 14 October, 1959.)

**1. Master and Servant § 55d—**

The Superior Court on appeal has the discretionary power to grant
an appellant's motion to remand the cause to the Industrial Commis-
sion for rehearing on the ground of newly discovered evidence.

**2. Master and Servant § 44—**

An employee is *sui juris* for the purpose of prosecuting a claim under
the Compensation Act when he has attained the age of 18.

**3. Insane Person § 10—**

A judgment obtained against a person who is *non compos mentis* at
the time of the trial, but who has not been previously so adjudged, is
not void but voidable.

**4. Trial § 47—**

In the absence of fraud, movant for a new trial on the ground of
newly discovered evidence must make his motion in apt time and must
show that a different result would probably be reached if a new trial
were granted.

**5. Insane Person § 10:   Master and Servant § 55e—   Motion for new
trial for alleged mental incapacity of movant held properly denied
on facts of this case.**

Motion was made in the Superior Court to remand the cause to the
Industrial Commission for a new trial on the ground of newly discovered
evidence, based on the contention that claimant was incompetent at the
time of the hearing, and that the adverse findings were drawn from
claimant's testimony. There was no contention that there was any new-
ly discovered evidence and no suggestion of fraud and it was admitted
that claimant was represented by counsel acting in good faith. Plaintiff's
relatives and friends were present at the hearing and there was no
suggestion at the hearing that the claimant was incompetent. It fur-
ther appeared that claimant's testimony at the hearing did not prejudice
his cause. *Held:* The court was without jurisdiction to grant a new
trial for newly discovered evidence, and even if it be conceded that
plaintiff was *non compos mentis* at the time of the original hearing there
was no showing that a different result would be probable if a new trial
were granted, and therefore the denial of the motion is affirmed.

HIGGINS, J., not sitting.

APPEAL by plaintiff from *Bundy, J.,* July Term, 1959, of ONSLOW.

The plaintiff employee instituted a proceeding before the North
Carolina Industrial Commission (hereinafter called Commission) for
an alleged injury caused by an explosion on 23 February 1953. The
matter was heard before a hearing Commissioner on 15 October 1953,
which Commissioner held that the accident arose out of and in the

course of the employment and directed that an award be made in favor of plaintiff employee. The defendants appealed to the full Commission. The Commission set aside the findings of fact and conclusions of law of the hearing Commissioner and found its own facts which, among other things, included the following:

"8. That in the absence of the other employees as above set out, the plaintiff * * * out of curiosity or for reasons unknown, wired the blasting machine * * * and in his attempt to set off a single dynamite cap, ignorantly and accidentally detonated the 300 dynamite caps beside the doghouse, resulting in a terrific explosion and in the injuries which he sustained," and concluded "that the injury (suffered by plaintiff) did not arise out of the employment."

The plaintiff appealed to the Superior Court and it reversed the Commission and entered judgment remanding the cause to the Commission with directions to enter an award for the plaintiff. Defendants appealed to the Supreme Court at the Fall Term 1955. The Supreme Court reversed the judgment of the Superior Court and said: "Since the testimony contains evidence sufficient to support the findings made by the full Commission, the court below was without authority to reverse." See *Moore v. Stone Co.*, 242 N.C. 647, 89 S.E. 2d 253.

At the July Term 1959 of the Superior Court of Onslow County, Eugene Moore, by his next friend, Luke Moore, his father, made a motion through counsel to set aside the judgment of the Superior Court (which judgment was reversed by the Supreme Court) and to order a new trial.

This motion was bottomed on allegations to the effect that at the time the hearing Commissioner heard the evidence in the original proceedings and in which Eugene Moore testified, the said Eugene Moore was mentally incompetent to have testified due to a brain injury caused by an explosion which resulted in severe bodily injury to him. The other ground is based on the contention that Eugene Moore was a minor and was incompetent to have brought the action in his own behalf, but that if a guardian or next friend had been appointed for him his rights would have been protected. It is conceded in the motion that in the former proceeding the plaintiff employee was represented by learned counsel who acted in good faith, but it is contended further that the true mental condition of the plaintiff employee was not known or ascertained at that time.

The court below held that the Superior Court of Onslow County had no jurisdiction over the subject of plaintiff's action and entered judgment accordingly. The plaintiff appeals, assigning error.

*Charles L. Abernethy, Jr., for plaintiff.*
*Barden, Stith & McCotter for defendant.*

DENNY, J. In a workmen's compensation case, which has been appealed from the Commission to the Superior Court, the judge of the Superior Court has the discretionary power to grant an appellant's motion to remand for a rehearing on the ground of newly discovered evidence under proper circumstances. *Byrd v. Lumber Co.,* 207 N.C. 253, 176 S.E. 572.

It is contended by the movant that where a minor or one who is *non compos mentis* is involved there is no statute of limitations that can be invoked by an appellee.

In the instant proceeding, the plaintiff was 18 years of age at the time of his injury on 23 February 1953. An injured employee who has attained the age of 18 is *sui juris* for the purpose of filing and prosecuting a claim for compensation, pursuant to the provisions of our Workmen's Compensation Act. *Lineberry v. Mebane,* 219 N.C. 257, 13 S.E. 2d 429. Hence, the contention with respect to the minority of Eugene Moore at the time he instituted his proceeding for compensation is without merit.

Moreover, a judgment obtained adverse to one who is *non compos mentis* at the time of the trial, but who had not been previously so adjudged, is not void but voidable, *Cox v. Cox,* 221 N.C. 19, 18 S.E. 2d 713; *Hood, Com'r. of Banks v. Holding,* 205 N.C. 451, 171 S.E. 633; *Bank v. Duke,* 187 N.C. 386, 122 S.E. 1.

In the absence of fraud, a party, in order to obtain a new trial on the ground of newly discovered evidence, must move in apt time and must show that a different result would probably be reached if a new trial were granted. *S. v. Casey,* 201 N.C. 620, 161 S.E. 81; *Bank v. Duke, supra.* No such showing is made on this appeal. It is not even contended that there is any newly discovered evidence.

In the instant case, the movant expressly states that plaintiff's counsel acted in good faith, and there is no suggestion of fraud. On the contrary, the appellant's brief states: "The full Commission it is contended could not have reached their (sic) findings except from inferences drawn from the most unfortunate testimony of the worker." In view of this contention we have carefully examined the evidence in the original proceeding. The plaintiff testified at some length about his work and his duties; that he went into the doghouse on the day the explosion occurred; that the others left the premises to get lunch; that he ate his lunch and laid down on a bench to take a nap and knew nothing about what happened until he became conscious some days later in the hospital. His father, who has been appointed his

next friend, was present at the hearing and testified in his son's behalf. There was no testimony or suggestion tending to show that the plaintiff was mentally handicapped to such an extent as to put anyone on notice that he was incapable of prosecuting his claim. His physician testified as a witness for him and among other things said: "I have had occasion to talk with him recently. I can't say that anything about his manner of answering questions appears to be abnormal. There may be a little, but not definitely. I can't tell. He has been complaining lately. He's been coming in with hemorrhoids, discussing and going over all that with him; his answers are intelligent."

In *Bank v. Duke, supra,* there was a motion made by the administrator of the defendant for a new trial, based on the ground that H. J. Duke was insane at the time of the trial. The judge declined to pass on the question of the sanity of the defendant Duke at the time the verdict was rendered and likewise refused to set aside the verdict and judgment. In affirming the ruling of the court below, this Court pointed out that H. J. Duke was represented by counsel in the trial, his son, Otho Duke, the present administrator, was present, and so were other members of his family, neighbors and friends. No suggestion was made to the judge holding the court or to the attorneys for plaintiff that defendant's intestate was *non compos mentis.* Therefore, the refusal of the court to pass on the question as to whether the defendant Duke was *non compos mentis* at the time of the trial was upheld. While it appears that a motion for a new trial was made in apt time in the Duke case, as provided in G.S. 1-220, there was no showing that a different result would probably have been reached if a new trial had been granted.

Likewise, in the instant case, there is no showing or even a suggestion that if a new trial were granted the evidence upon which the Commission made its findings and drew its conclusions of law would be different in any respect.

Therefore, in light of the facts and circumstances involved in this proceeding, in our opinion the court below was without jurisdiction to grant a new trial based on the grounds stated. Moreover, if it should be conceded that the court below had jurisdiction, and it should be further conceded that the plaintiff was *non compos mentis* at the time of the original hearing in this case, no showing has been made that would entitle him to a new trial under our decisions.

The ruling of the court below is
Affirmed.

Higgins, J., not sitting.