DONALD RAY MASON AND RELIANCE INSURANCE COMPANY v. NORTH CAROLINA STATE HIGHWAY COMMISSION.

(Filed 28 February, 1968.)

1. **State § 5c—**

   The Industrial Commission is constituted the trial court for the hearing of tort claims against the State. G.S. 143-291.

2. **State § 5f—**

   A motion for a further hearing on the ground of introducing additional or newly discovered evidence rests in the sound discretion of the Industrial Commission and its ruling thereon is not reviewable in the Superior Court in the absence of an abuse of discretion by the Commission.

3. **State § 5c—**

   The affidavit filed by a claimant pursuant to the Tort Claims Act, G.S. 143-297, is in the nature of a complaint in an ordinary tort action, and the allowance of an amendment thereto after the expiration of the time allowed by statute rests in the sound discretion of the Industrial Commission and its ruling thereon is not subject to review in the absence of an abuse of such discretion.

HUSKINS, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Carr, J.,* at the June 1967 Civil Session of DURHAM, docketed and argued as No. 770 at Fall Term 1967.

This is a proceeding instituted before the North Carolina Industrial Commission under the Tort Claims Act, G.S. 143-291 *et seq.* It arises out of damage to the automobile, trailer and boat of Donald Ray Mason, alleged to have occurred at about midnight on 14 July 1966, at which time the automobile, driven by Mason, together with the attached trailer and boat, plunged into an excavation in Highway 55 immediately south of Durham.

Reliance Insurance Company claims as subrogee of Mason, having paid to him part of his alleged damages by reason of a policy of insurance issued by it to him. The affidavits filed by the claimants are substantially identical, there being no conflict between the two claimants. They assert that the damage was proximately caused by the negligence of the defendant and of K. M. Duncan, the defendant's Road Maintenance Supervisor for the area, this alleged negligence consisting of the cutting out of a large segment of the pavement and bed of the highway, in the course of repairs thereto, and leaving the excavation without visible warnings. The defendant filed answers denying all material allegations of the affidavits, except that the accident occurred at the time alleged, and pleading contributory negligence by Mason.

The matter was heard by Deputy Commissioner Thomas. Evi-

dence was introduced both by the claimant and by the defendant concerning the presence or absence of a barricade, flambeaus and warning signs at and upon the approach to the excavation.

One of the witnesses offered by the defendant was Howard Vernon Moore, its Area Foreman. He testified that he was at the scene of the occurrence shortly after 5 p.m. and that certain signs and barricades were then in place. He further testified:

> "I know Mr. Kirk Duncan. He is the Durham County Maintenance Supervisor. To the best of my knowledge, he was the supervisor in charge of this job or work. I am the foreman in charge of such work as this with the State Highway Commission. The State Highway Maintenance Forces were doing the repair work on this road rather than some contractor. It was under my supervision and of course I am under Mr. Duncan's supervision. My crew did the work on it * * * Mr. Perry [present in the hearing room] looks after placing the flambeaus * * *."

Perry was not called as a witness by either party.

The Hearing Commissioner entered an order denying the claim, which order contained his findings of fact, including the following:

> "6. The hole had been cut out during the day on July 14, 1966 by defendant's employees under the direction and supervision of Howard V. Moore, a foreman in defendant's maintenance department in Durham County, North Carolina. Moore and the crew departed from the area about 5 p.m., leaving a flambeau burning and a barricade at each end of the hole with a sign at the south end of the hole indicating 'one lane road ahead.' An additional sign was located near Alston Avenue and another sign about 500 feet south of the hole indicating 'construction work ahead'."

> \*          \*          \*

> "8. The speed limit of N.C. 55 was 55 miles per hour. Plaintiff Mason aproached the hole in question at a speed of about 50 miles per hour. There was no light burning at the south end of the hole and a light burning at the north end of the hole was burning feebly and was not sufficient to warn plaintiff Mason of the presence of the hole."

> \*          \*          \*

> "10. There is no evidence of a negligent act on the part of K. M. Duncan, admittedly road maintenance supervisor for

defendant in Durham County, who plaintiffs allege was negligent in connection with their claim."

Upon the foregoing findings of fact, the Hearing Commissioner made, and stated in his order, the following conclusion of law:

"Plaintiffs allege negligence on the part of K. M. Duncan, who admittedly was road maintenance supervisor for defendant in Durham County, North Carolina. There being no evidence of a negligent act on the part of Duncan, plaintiffs' claim must be denied."

The claimants then appealed to the Full Commission. They excepted to the above Findings of Fact 6 and 10, among others, for the reason that the Hearing Commissioner failed to find and determine whether the claims arose as a result of a negligent act of a State employee whose act was imputed to K. M. Duncan. They also excepted to the Hearing Commissioner's conclusion of law.

Prior to the hearing by the Full Commission, the claimants filed a motion that additional evidence be taken and that they be allowed to amend their affidavits to make them conform to the evidence. In this motion they assert that at the time the original affidavits were filed, they did not know that there were certain other named employees of the defendant employed in a supervisory or responsible capacity upon this project, that the excavation was done by inmates of the Prison Department under the supervision of these employees, or that another employee, Cornelius Perry, had the duty of checking on flambeaus and barricades to see that they were in good working condition and properly maintained. They further assert in this motion that, prior to the hearing, their counsel conferred with K. M. Duncan concerning State employees who might have been negligent in this matter, that he was not informed by Duncan as to the names or duties of such persons and that he then understood that all State employees who might have been negligent in the matter "would be stipulated to" at the hearing and, in event negligence by the defendant was found, "said negligence of said employees would be imputed to the said K. M. Duncan."

Ten weeks after the filing of the foregoing motion, the matter was heard upon argument before the Full Commission. The Full Commission adopted as its own the findings of fact and the conclusion of law of the Hearing Commissioner and affirmed his order. There is nothing in the record to indicate any ruling by the Full Commission upon the foregoing motion except the following notation upon its order:

"In my opinion the motion of plaintiffs' counsel to take newly discovered evidence should be allowed and I, therefore, respectfully dissent."

The dissenting commissioner is not identified in the record.

The claimants appealed from the order of the Full Commission to the superior court, their exceptions being to the conclusion of law of the Hearing Commissioner, so adopted by the Full Commission, and to certain of his findings of fact, so adopted by the Full Commission, including the above quoted Findings 6 and 10, and a further exception to "the failure of the Full Commission to rule upon the plaintiffs' motion to take additional evidence and to amend their affidavits."

The superior court entered judgment, stating that it was of the opinion that the motion of the claimants should be allowed and that the findings of the commission "are insufficient for a proper determination of the questions involved." The court did not specify wherein it deemed the findings insufficient. The superior court thereupon ordered:

"1.    That the motion to take newly discovered evidence and additional evidence and the motion to amend * * * the affidavits * * * is hereby granted.

"2.    That the decision and order of the North Carolina Industrial Commission be and is hereby remanded to the North Carolina Industrial Commission for additional findings in accordance with this Judgment.

"3.    That this cause be and the same is hereby remanded to the North Carolina Industrial Commission for re-hearing in accordance with this Judgment."

From the foregoing judgment of the superior court, the defendant appealed, assigning as error each of the court's said conclusions and each portion of its order.

*Attorney General Bruton, Deputy Attorney General Lewis, Assistant Attorney General Rosser and Staff Attorney Parker for defendant appellant.*
*Brooks and Brooks for plaintiff appellees.*

LAKE, J.    The record does not contain an express ruling by the majority of the Full Commission upon the motion of the claimants for the taking of further evidence and for permission to amend their affidavits. However, the memorandum of dissent by the unidentified

commissioner, which is a part of the record, leads inescapably to the conclusion that the Full Commission did consider this motion and refused to allow it.

G.S. 143-291 provides that the Industrial Commission "is hereby constituted a court for the purpose of hearing and passing upon tort claims" against this defendant and other agencies of the State. G.S. 143-293 provides that an appeal from the commission to the superior court "shall be for errors of law only * * * and the findings of fact of the Commission shall be conclusive if there is any competent evidence to support them." Thus, the Industrial Commission is the trial court for such claims.

In *Tindall v. Furniture Co.*, 216 N.C. 306, 4 S.E. 2d 894, we said;

> "In the Superior Court, upon appeal from an award by the Industrial Commission, the court has power in proper case to order a rehearing, and to remand the proceeding to the Industrial Commission, on the ground of newly discovered evidence, but this is a matter within the sound discretion of the court."

In that case, as here, the motion for leave to offer new or additional evidence was made in and denied by the Industrial Commission. The superior court affirmed the award of the commission and this Court affirmed the judgment of the superior court, citing as authority for the above quoted statement *Butts v. Montague Bros.*, 208 N.C. 186, 179 S.E. 799 and *Byrd v. Lumber Co.*, 207 N.C. 253, 176 S.E. 572.

In the *Butts* case the Industrial Commission, while the matter was pending before it, allowed a motion for rehearing on the ground of newly discovered evidence. On appeal from such order the superior court reversed the commission. This Court held that was error and said that the appeal from the order of the commission should have been dismissed. Thus, the *Butts* case is not authority for the proposition that the superior court may reverse the ruling of the Industrial Commission upon such a motion.

In the *Byrd* case, the motion for a further hearing by the commission was made originally in the superior court on the ground of evidence discovered subsequent to the appeal from the commission to that court. The superior court allowed the motion and this Court affirmed, saying that this Court has the power to consider a motion for a new trial "of an action pending here on appeal, on the ground of newly discovered evidence, and in a proper case to grant the motion." This Court further said in the *Byrd* case: "Whether the judge of the Superior Court shall exercise this power in any proceeding pending in said court rests upon his discretion. His action, therefore,

is ordinarily not subject to review by this Court." Thus, the *Byrd* case is not authority for the proposition that the superior court may reverse a denial by the Industrial Commission of such motion made before it while the proceeding was still pending before the commission.

In *Hall v. Chevrolet Co.*, 263 N.C. 569, 139 S.E. 2d 857, this Court construed a motion, originally filed before the Industrial Commission, as a motion for a further hearing for newly discovered evidence and directed that the matter be "returned to the Industrial Commission, which will determine, according to its own rules and the legal principles applicable to newly discovered evidence, whether it will grant plaintiff the requested hearing with reference to his diminished earning capacity." There, this Court said the proceeding had been heard by the Industrial Commission under a "misapprehension of applicable principles of law," the commission having treated and passed upon the claimant's motion as a motion to reopen for change of condition rather than a motion for further hearing on the ground of newly discovered evidence. Thus, in the *Hall* case there was no reversal of a denial by the commission of a motion for further hearing on the ground of newly discovered evidence, but a remand to the commission for its determination of such motion.

In *Thompson v. Funeral Home*, 208 N.C. 178, 179 S.E. 801, it was held that the superior court may grant a motion, originally made in the superior court, to remand a workmen's compensation proceeding to the commissioner in order that the commission may hear evidence and to make a finding upon a jurisdictional question. Connor, J., there said: "When the proceeding has been remanded to the Industrial Commission, the Commission will determine, in accordance with its rules, whether it will hear evidence tending to show the number of employees in the employment of the defendant employer * * * and if it shall hear evidence offered by the plaintiffs, * * * will have the power to make such findings a part of the record in this proceeding. * * * These findings of fact being jurisdictional, will be subject to review by the Superior Court." The Court did not say that a denial by the commission of a motion before it to hear further evidence upon a matter properly before it is subject to reversal by a reviewing court.

In *Webb v. Gaskins*, 255 N.C. 281, 121 S.E. 2d 564, this Court, speaking through Parker, J., now C.J., said:

> "As long as the trial court has jurisdiction over a cause, it seems to be thoroughly settled law in this nation, including this jurisdiction, that a motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion

of the trial judge, and that his ruling thereon may not be made ground for reversal on appeal unless the appellant can show a manifest abuse of judicial discretion."

In *Frye & Sons, Inc. v. Francis*, 242 N.C. 107, 86 S.E. 2d 790, Johnson, J., speaking for the Court, said:

"[A] motion for new trial on the ground of new evidence, discovered during the trial term, is addressed to the discretion of the trial judge, and his decision, whether granting or refusing the motion, is not reviewable in the absence of an abuse of discretion."

There is nothing in the present record to show that the Industrial Commission, in denying the motion for a further hearing for the introduction of additional evidence, abused the discretion thus vested in it as the trial court or that it failed, in passing upon such motion, to observe the prerequisites for the granting thereof prescribed in *Johnson v. R. R.*, 163 N.C. 431, 79 S.E. 690, and quoted with approval in *Bailey v. Department of Mental Health*, 272 N.C. 680, 159 S.E. 2d 28, decided February 2, 1968, and in *McCulloh v. Catawba College*, 266 N.C. 513, 146 S.E. 2d 467.

Neither the motion filed in the Industrial Commission nor the judgment of the superior court specifies what new evidence the Industrial Commission is to receive and consider. The superior court has no general power to remand a matter of this nature to the Industrial Commission for the taking of additional evidence and the finding of further facts. *Bailey v. Department of Mental Health, supra.*

The record shows that Howard Vernon Moore testified that he was the employee in actual supervision of this repair project and that he was cross examined by the claimants. The record further shows that Moore testified Perry was present in the hearing room and was the employee who looked after placing the flambeaus. Perry was not called as a witness by the claimants and there is nothing to indicate that they sought a temporary recess in order to confer with him.

The affidavit required by G.S. 143-297 to be filed by a claimant under the Tort Claims Act is the equivalent of a complaint in an ordinary tort action. The allowance of an amendment of a pleading, after the expiration of the time allowed therefor by statute, is ordinarily a matter resting in the sound discretion of the trial court and its ruling thereon is not subject to review upon an appeal in the absence of a clear showing of abuse of such discretion. *Moore v.*

---
---

*Insurance Co.*, 266 N.C. 440, 146 S.E. 2d 492; *Terrace, Inc. v. Indemnity Co.*, 241 N.C. 473, 85 S.E. 2d 677; *Motor Co. v. Wood,* 238 N.C. 468, 78 S.E. 2d 391. The record does not show an abuse of discretion by the Industrial Commission, the trial court in this instance, in its denial of the motion by the claimants to amend their affidavit.

 *Bailey v. Department of Mental Health, supra,* was a proceeding under the Tort Claims Act. This Court, speaking through Branch, J., said:

> "The scope of the reviewing court's inquiry in cases appealed from the Industrial Commission is succintly stated by Ervin, J., in the case of *Henry v. Leather Co.,* 231 N.C. 477, 57 S.E. 2d 760, as follows:
>
> " 'In passing upon an appeal from an award of the Industrial Commission, the reviewing court is limited in its inquiry to two questions of law, namely: (1) whether or not there was any competent evidence before ' the Commission to support its findings of fact; and (2) whether or not the findings of fact of the Commission justify its legal conclusions and decision.' "

The order of the superior court allowing the amendments to the affidavits and remanding the matter to the North Carolina Industrial Commission with directions to take newly discovered evidence and additional evidence, to make additional findings, and conduct a rehearing in accordance with the judgment of the superior court, was error and is hereby reversed. The superior court not having passed upon the remaining exceptions of the claimants to the order of the Industrial Commission, which exceptions relate to the findings of fact and to the conclusion of law, the matter is hereby remanded to the superior court for its determination of whether such findings are supported by competent evidence and, if so, whether such findings support the conclusion of law made by the commission and its denial of the claims.

 Reversed and remanded.

 HUSKINS, J., took no part in the consideration or decision of this case.