PAUL HALL, EMPLOYEE, v. W. A. DAVIS MILLING CO., EMPLOYER, AND LUMBERMENS MUTUAL CASUALTY COMPANY, CARRIER.

(Filed 12 June 1968.)

**1. Master and Servant § 93—**

Upon appeal from an award of the Industrial Commission, the Superior Court has the discretionary power to grant an appellant's motion to re- mand the cause to the Industrial Commission for rehearing on the ground of newly discovered evidence when it appears by affidavit that such evi- dence will be presented upon a new hearing, that it is competent, relevant, material and probably true, that due diligence was used to procure the evidence at the hearing, that the evidence is not cumulative and does not tend only to contradict, impeach or discredit a witness who has testified, and that it is of such a nature that a different result will probably be reached upon a new hearing.

**2. Same— Order remanding cause to Industrial Commission for rehear- ing on ground of newly discovered evidence held proper.**

In an action under the Compensation Act plaintiff-employee, unrepre- sented by counsel, testified and advised the hearing commissioner of the presence of two eyewitnesses to the occurrence. Defendant's counsel ad- vised the commissioner that defendant would stipulate that their testi- mony would corroborate plaintiff and the witnesses were not called, the hearing commissioner failing to advise plaintiff that he could call the witnesses to testify. Upon appeal to the Full Commission from an order denying compensation, plaintiff filed a motion supported by affidavits of the two eyewitnesses that additional evidence be taken, which was de- nied. *Held:* Upon appeal to the Superior Court, the findings of fact upon supporting evidence were sufficient to sustain the court's order remanding the cause to the Industrial Commission for a rehearing on the ground of newly discovered evidence for the purpose of taking the testimony of the two eyewitnesses.

APPEAL by defendants from *Crissman, J.,* 23 October 1967 Ses- sion GUILFORD County Superior Court (High Point Division).

This is an action under the Workmen's Compensation Act to recover benefits which plaintiff contends are due him under the Act.

Initial hearing was held before Deputy Commissioner Thomas on 11 October 1966. Plaintiff appeared at the hearing without legal counsel, and defendants were represented by the same counsel who represent them on this appeal. Plaintiff testified and informed the Hearing Commissioner that two of his fellow employees who were eyewitnesses to the occurrence were present at the hearing. Counsel for defendants advised the Hearing Commissioner that defendants would stipulate that the evidence of the two witnesses would corrob- orate plaintiff, and they did not testify.

In his opinion and award, the Deputy Commissioner made find- ings of fact and conclusions of law to the effect that plaintiff was

not injured as the result of an accident within the meaning of G.S. 97-2(6) and denied compensation.

Plaintiff employed counsel and appealed to the Full Commission. Plaintiff's counsel moved that the Full Commission take additional evidence on appeal and filed affidavits from the two fellow employees aforementioned. The Full Commission denied plaintiff's motion to take additional testimony and adopted as its own the findings of fact, conclusions of law, and award of the Deputy Commissioner.

From the opinion and award of the Full Commission, the plaintiff on 4 May 1967 appealed to the Superior Court.

The appeal came on for hearing before Judge Crissman at the 23 October 1967 Session of the Superior Court of Guilford County, High Point Division. Judge Crissman entered an order in which he reviewed prior proceedings in the case and found certain facts, including the following:

> THE COURT FINDS AS FACTS that prior to the case being called by the Full Commission, plaintiff filed a motion for further hearing on newly discovered evidence, said newly discovered evidence being in the form of sworn filed affidavits of two eye-witnesses, Stanley Willis and William Joyce, to the effect that just as plaintiff and Stanley Willis had tossed one of the 100 pound bags up on the very top of the stack, about eight feet high, that one of the 100 pound bags of feed started falling or sliding down and plaintiff reached up to catch it and the bag fell down completely into his arms, thereby injuring plaintiff's back. These two eye-witnesses were present at the original hearing on October 11, 1966, but were not called to testify. The plaintiff was not represented by counsel at this hearing.
>
> THE COURT FURTHER FINDS AS FACTS that it appears that these two witnesses will give the evidence; that it is probably true as shown by the sworn affidavits; that it is competent, material and relevant and not merely cumulative since both were eye-witnesses to the facts surrounding the injury; that due diligence has been used to get the evidence since both eye-witnesses were present in the courtroom and ready and willing to testify at the original hearing before Deputy Commissioner Thomas on October 11, 1966; and that the evidence is of such a nature that in another trial a different verdict would probably be reached.

After reciting that the court is of the opinion that the ends of justice would be met by vacating the opinions and awards of Dep-

uty Commissioner Thomas and of the Full Commission and reinstating the case to the docket of the Industrial Commission for purpose of taking the testimony of Stanley Willis and William Joyce relative to the question of accidental injury, Judge Crissman, in his discretion, ordered that said opinions and awards be vacated and that the case be remanded to the Industrial Commission for the purpose of hearing said testimony and making findings of fact, conclusions of law, and an award.

Defendants made numerous exceptions to said order and appealed to this Court.

*Bencini & Wyatt by Frank Burkhead Wyatt, Attorneys for plaintiff appellee.*

*Haworth, Riggs, Kuhn & Haworth by William B. Haworth, Attorneys for defendant appellants.*

BRITT, J. The principal question for decision is whether, under the facts presented, Judge Crissman had authority to grant plaintiff's motion for a rehearing by the Industrial Commission on the grounds of newly discovered evidence. We hold that he had such authority.

In *McCulloh v. Catawba College*, 266 N.C. 513, 146 S.E. 2d 467, Sharp, J., speaking for the Supreme Court, said:

> After an appeal from an award of the Industrial Commission has been duly docketed in the Superior Court, the judge "has the power *in a proper case* to order a rehearing of the proceeding by the Industrial Commission on the ground of newly discovered evidence, and to that end to remand the proceeding to the Commission." *Byrd v. Lumber Co.*, 207 N.C. 253, 255, 176 S.E. 572, 573. (Italics ours.) *Accord, Moore v. Stone Co.*, 251 N.C. 69 ,110 S.E. 2d 459. The burden is upon the applicant for such a rehearing to rebut the presumption that the award is correct and that there has been a lack of due diligence. He makes out "a proper case" for the granting of a new hearing upon the ground of newly discovered evidence only when it appears by affidavit:
>
> "(1) That the witness will give the newly discovered evidence; (2) that it is probably true; (3) that it is competent, material, and relevant; (4) that due diligence has been used and the means employed, or that there has been no laches, in procuring the testimony at the trial; (5) that it is not merely cumulative; (6) that it does not tend only to contradict a former witness or to impeach or discredit him; (7) that it is of such

a nature as to show that on another trial a different result will probably be reached and that the right will prevail." *Johnson v. R. R.*, 163 N.C. 431, 453, 79 S.E. 690, 699.

In his order, Judge Crissman, in effect, found facts sufficient to bring plaintiff within the requirements set out in *McCulloh, supra.* The record is sufficient to support his findings and conclusions.

It is a fundamental rule that the Workmen's Compensation Act should be liberally construed to the end that the benefits thereof should not be denied upon technical, narrow and strict interpretation. *Hall v. Chevrolet Co.*, 263 N.C. 569, 139 S.E. 2d 857, citing *Johnson v. Hosiery Co.*, 199 N.C. 38, 40, 153 S.E. 591, 593.

The record discloses that the plaintiff-employee, prior to the hearing before the Deputy Commissioner, consulted Mr. Davis, president of his employer, as to the advisability of employing counsel. Having been advised by Mr. Davis that he did not need a lawyer, plaintiff, evidently an uneducated person, went into the hearing without the benefit of legal counsel. Defendants were represented by able counsel, and although plaintiff advised the Deputy Commissioner of the presence of the two eyewitnesses to the occurrence, the record indicates that the Deputy Commissioner did not advise the plaintiff that he could call said witnesses to the witness stand, nor did the Deputy Commissioner see fit to have the witnesses testify.

We recognize that the Industrial Commission is the sole trier of the facts, but the ends of justice in the instant case require, and we so hold, that the opinions and awards of Deputy Commissioner Thomas and the Full Commission, entered in this cause, be vacated to the end that a new hearing be held by the Industrial Commission as set forth in Judge Crissman's order.

We observe that Judge Crissman's order requires that the opinions and awards of Deputy Commissioner Thomas and of the Full Commission *relating only to the question of accidental injury* be vacated; this would not accomplish the purpose intended by the order. Therefore, the order is modified by eliminating the words "relating only to the question of accidental injury" in paragraph (A) and the words "only as to the question of accidental injury" in paragraph (B).

Subject to the modifications aforesaid, the order appealed from is affirmed.

Modified and affirmed.

CAMPBELL and MORRIS, JJ., concur.