The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Garner and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of the parties or of necessary or additional parties.
2. Anna Lloyd appeared individually and in her capacity as Administrator of the Estate of Bernard Lloyd.
3. There are no third party Defendants or cross-claimants.
4. The "fall from heights" listed on the death certificate of Bernard Lloyd occurred on the premises of Defendant Herman T. Jones.
5. The following is a list of exhibits plaintiff offered at trial:
 (a) Medical records, office notes, and reports from Nash General Hospital;
(b) Report of Investigation by Medical Examiner;
(c) Medical Examiner's Certificate of Death;
 (d) Defendant's response to plaintiff's First Set of Request for Admissions, Interrogatories, and Request for Production of Documents;
 (e) Plaintiff's response to Defendant's First Set of Interrogatories:
 (f) Letter to Leon Henderson from Employment Security Commission of North Carolina dated May 27, 1993;
 (h) Deposition transcripts of each witness deposed in this case.
6. The following is a list of exhibits Defendant offered at trial:
(a) All exhibits listed by Decedent;
 (b) State and Federal Income Tax returns for 1990 and 1991 of Mornell Tummer;
 (c) State and Federal Income Tax Returns for 1990 and 1991 of Anna Lloyd:
 (d) State and Federal Income Tax Returns for 1990 and 1991 of Bernard Lloyd;
 (e) Plaintiff's answers and attachments to interrogatories from Defendant.
 (f) Deposition transcripts of each witness deposed in this case.
7. The issues to be determined by the Commission are whether an employee-employer relationship existed between the decedent and the defendant-employer, and if so what benefits is the plaintiff entitled to receive.
* * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On March 19, 1991, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act in that defendant regularly employed four employees: the decedent, Annette Battle, Mornell Tummer, and Michael Batts.
2. Defendant operated a used car dealership, a nightclub, a barbershop, and had an ownership interest in another car dealership operated by his son.
3. The Employment Security Commission of North Carolina has produced records involving payments to decedent. Decedent received unemployment benefits from February, 1990 through August 18, 1990 in the amount of $175.00 per week. Decedent collected $4,200.00 during this period, the total amount possible he could have collected.
4. In October 1990 decedent began working for defendant at the Quality A Auto Sales premises and also at the Virginia Street property which decedent helped renovate. He and defendant were planning to start an auto parts business at the Virginia Street location. Decedent's occupation at the time of his injury was that of mechanic/general laborer.
5. Decedent was being paid by defendant an average weekly wage of $300.00, which yields a compensation rate of $200.00.
6. As a mechanic/general laborer, decedent was required to complete multiple tasks. Prior to March 19, 1991, decedent's duties had included changing fluorescent light bulbs in ceiling fixtures at defendant's business premises.
7. Decedent, while performing his duties changing light bulbs on March 19, 1991, sustained an injury by accident when he fell from a ladder, striking his head on the floor.
8. There were no eyewitnesses to the incident giving rise to the injury and subsequent death. Annette Battle, Herman Jones, and Michael Batts heard a loud sound and ran into the area of the business where cars were washed. Upon entering that portion of the building, they discovered decedent on the floor.
9. As a result of the fall, decedent remained hospitalized from March 19, 1991 until his death on April 10, 1991.
10. The medical records and report of autopsy show that decedent died from a skull fracture and hemorrhage. The cause of death was identified as respiratory failure due to aspiration of gastric contents due to craniocerebral trauma, due to fall from heights. The medical examiner's certificate of death shows the same. The death of decedent was causally related to the compensable injury by accident.
11. Defendant contends that he and decedent were involved in a partnership and that therefore the provisions of the Workers' Compensation Act do not apply. Although defendant and decedent had investigated forming a partnership separate and apart from decedent's employment, this partnership had not been formed at the time of the compensable injury by accident.
12. At the time of the compensable accident and resulting death, defendant regularly employed three or more employees, had no workers' compensation insurance coverage, and failed to qualify as a self-insurer. There is insufficient evidence of record to show the period for which defendant had no insurance coverage.
13. Anna Lloyd, decedent's widow, is a retired school teacher and is under no disability. No children were born of the marriage between decedent and Anna Lloyd.
* * * * * * * * * * *
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On March 19, 1991, decedent was an employee of defendant as defined in N.C.G.S. 97-2 (2).
2. On March 19, 1991, decedent sustained an injury by accident arising out of and in the course of his employment with defendant. N.C.G.S. 97-2 (6). His death on April 10, 1991 was a proximate result of the compensable injury by accident. N.C.G.S.97-38.
3. Decedent's compensable injury on March 19, 1991 entitled him to temporary total disability compensation at the rate of $200.00 per week from March 19, 1991 until his death on April 10, 1991. This amount shall be paid to Anna Lloyd, Administrator of the Estate of Bernard Lloyd. McCulloh v. Catawba College,266 N.C. 513, 146 S.E.2d 467 (1966).
4. Anna Lloyd is the widow of decedent. She was wholly dependent for support upon the decedent. Anna Lloyd is entitled to four hundred weeks of compensation benefits at the rate of $200.00 per week, commencing April 10, 1991. N.C.G.S. 97-38,97-39.
5. Decedent's estate is entitled to compensation for the costs for the medical treatment of decedent incurred as the result of his compensable accident of March 19, 1991 and resultant death on April 10, 1991. In addition, decedent's estate is entitled to repayment of funeral expenses not exceeding $2,000. N.C.G.S.97-25, 97-38.
6. Defendant failed to keep in effect a policy of workers' compensation insurance or to qualify as a self-insurer during the time in question and is therefore subject to a fine of at least $50 per day, which shall be assessed at a further hearing as ordered below. N.C.G.S. 97-94.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay Anna Lloyd, as Administrator of the Estate of Bernard Lloyd, temporary total compensation at the rate of $200 per week from March 19, 1991 through April 10, 1991. This amount has accrued and shall be paid in a lump sum, subject to the attorney's fee approved below.
2. Defendant shall pay Anna Lloyd 400 weeks of compensation benefits at the rate of $200.00 per week, commencing April 10, 1991. Such amounts as have accrued shall be paid in a lump sum, subject to the attorney's fee approved below.
3. An attorney's fee in the amount of one fourth plaintiff's recovery is hereby approved for plaintiff's attorney in this case.
4. Defendant shall pay the medical expenses incurred by decedent's estate as the result of his compensable accident of March 19, 1991 and resultant death on April 10, 1991, as well as up to $2,000 of burial expenses.
5. Defendant shall pay the costs.
IT IS FURTHER ORDERED that this case is remanded for a hearing before a Deputy Commissioner on the limited issue of a penalty assessment against Defendant pursuant to the provisions of N.C.G.S. 97-94.
 S/ ______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _________________ THOMAS J. BOLCH COMMISSIONER
S/ _________________ DIANNE C. SELLERS COMMISSIONER