MABEL E. JORDAN, ADMINISTRATRIX OF WENDELL EASON, v. STATE HIGHWAY COMMISSION.

(Filed 28 February, 1962.)

State § 5f—

Where, in a proceeding under the Tort Claims Act, there is sufficient evidence to support the Industrial Commission's findings of negligence on the part of a State employee which proximately caused the injury in question, such findings are conclusive, even though there be evidence that would support contrary findings.

WINBORNE, C.J., not sitting.

APPEAL by respondent from *Morris, J.,* October-November 1961 Term of PERQUIMANS.

This is a suit for damages under the Tort Claims Act.

Claim was filed with the Industrial Commission and the case was heard before Commissioner Peters in Hertford, N. C., on 17 October 1960. Evidence was offered only by claimant.

Stipulations of the parties and claimant's evidence tend to show:

Wendell Eason, an 8 year old boy, was fatally injured about 10 A.M. on 20 October 1959 while crossing Highway 37 in Perquimans

County. He was struck by an automobile owned by respondent, State Highway Commission, and being operated by respondent's employee, W. H. Bray. The boy had gone from a cotton field on the south side of the highway to a "rolling store" on the north side. The so-called "rolling store" was a converted school bus which was driven from place to place, and from which the owner retailed merchandise. It had stopped on the north side of the highway opposite the cotton field and as close to the road ditch as it could get, and was headed west with its two left wheels on the paved surface. The motor was not running, but the left blinker lights were operating. These lights were red and about the size of saucers. The road was level and was straight for about 1/4 mile to the east of the store and a considerable distance to the west. The weather was clear. There were a number of people working in the cotton field. Several made purchases from the store. Decedent entered the bus, purchased candy, got off the front of the bus, stopped and looked, proceeded across the highway toward the cotton field, and was struck while in the south lane near the edge of the hard-surface. Respondent's automobile came from the east. Bray did not sound the horn. As he came around the curve 1/4 mile away he was driving at a speed of 60 miles per hour or more. As he neared the bus he applied brakes and left tire marks about 35 feet long in the north lane. These ended 30 feet from the bus. He moved into the south lane. There were tire marks 51 feet and 5 inches in length in the south lane to the point of the accident. These marks continued for 51 feet beyond that point. ". . . (T)here was a skip in between these (marks) in the righthand lane and those in the lefthand lane." Decedent was thrown to the hood of the car. When the car stopped he was thrown forward about 8 feet beyond the front of the car. He died in the hospital three days later.

The hearing Commissioner found facts, among others, that respondent's automobile was being operated at a speed greater than was reasonable and prudent under the circumstances, the driver operated the car without due care and circumspection, and the negligence of the driver was the sole proximate cause of the injury to and death of decedent. He concluded that claimant is entitled to recover, and awarded $5000 damages.

Respondent requested review by the full Commission. After hearing, the Commission adopted the findings of fact, conclusion of law and award of the hearing Commissioner as its own.

Respondent filed exceptions and appealed to Superior Court. The Superior Court overruled the exceptions and affirmed the award of the Commission.

Respondent appealed to this Court.

*Wilson & Wilson for defendant appellant.*
*John H. Hall for plaintiff appellee.*

PER CURIAM. The Commission's findings of fact are supported by competent evidence. These findings sustain the conclusion of law, which is sufficient basis for the award.

In a proceeding under the Tort Claims Act (G.S., Ch. 143, Art. 31), if there is competent evidence to support the findings of fact by the Industrial Commission, such findings are conclusive, and on appeal are not subject to review by the Superior Court or this Court. This is true even though there is evidence that would support contrary findings. *Mica Co. v. Board of Education,* 246 N.C. 714, 100 S.E. 2d 72.

The judgment below is.

Affirmed.

WINBORNE, C.J., not sitting.