EDMUND HUFFMAN v. ELLA HUFFMAN.

(Filed 27 September, 1967.)

**Automobiles § 81—**

The evidence disclosed that plaintiff voluntarily sat · on the fender, astride the radiator, with one foot on the bumper and the other under the elevated hood of an automobile which was being pushed by another vehicle in an attempt to start the automobile, and that after the motor of the automobile ignited he fell therefrom to his injury. *Held:* Nonsuit for contributory negligence was properly entered, even though the evidence may have been sufficient on the issue of the operator's negligence in handling the car after the motor ignited.

APPEAL by plaintiff from *Mintz, J.,* February 1967 Session, JONES Superior Court.

The plaintiff, husband, instituted this civil action against the defendant, wife, to recover damages for the personal injuries he alleges were caused by his wife's actionable negligence. The pleadings raise issues of negligence, contributory negligence and damages.

The evidence disclosed that on November 13, 1962 the defendant was driving the family automobile, a 1953 Ford sedan, when the motor ceased to function. The plaintiff attempted to ignite the engine by pouring gasoline into the carburetor from a bottle. The plaintiff gave instruction that the driver of his pickup truck push the Ford from the rear. At the time, the defendant was under the wheel, guiding its movement. The hood was elevated. The plaintiff was astride the radiator, seated on the left front fender. He had one foot on the front bumper, the other behind the radiator, under the hood.

After the Ford had been pushed 200 or 300 yards, and after it had attained a speed of 10 to 15 miles per hour, the truck was dis-

engaged. The engine of the Ford ignited and the vehicle, with the defendant guiding it, continued for 200 or 300 yards down the highway. As the defendant changed gears, or applied the brakes, the plaintiff fell or was thrown from his perch and was injured. He offered evidence of the extent of his injuries and the costs of treatment.

At the close of the plaintiff's evidence, the Court entered judgment of involuntary nonsuit. The plaintiff excepted and appealed.

*Donald P. Brock, Jones, Reed & Griffin for plaintiff appellant.*
*Whitaker, Jeffress & Morris by A. H. Jeffress Attorneys for defendant appellee.*

PER CURIAM. The judgment of nonsuit was proper and must be sustained. If it be conceded the defendant was negligent in the manner in which she operated the Ford sedan, nevertheless, the plaintiff's evidence shows his contributory negligence as a matter of law. He voluntarily sat on the fender, astride the radiator, of a moving automobile, with one foot on the bumper and the other under the elevated hood. He rode in that position 150 to 200 yards before the engine ignited, and 200 to 300 yards before he fell off and was injured. A clear case of contributory negligence is disclosed by the plaintiff's own evidence.

Affirmed.