MARVIN A. OWENS, EMPLOYEE v. STANDARD MINERAL COMPANY, EMPLOYER, CONTINENTAL CASUALTY COMPANY, INSURER

No 7020IC400

(Filed 16 December 1970)

1. **Master and Servant § 93— workmen's compensation — disability by silicosis — application for rehearing improperly denied by Industrial Commission**

An employee's application for a rehearing on the ground that he has additional evidence to establish his claim of disability by silicosis, *held* improperly dismissed by the Industrial Commission, where (1) the employee's application was timely made and (2) the Commission acted under a misapprehension of the law in denying the application. G.S. 97-47.

2. **Master and Servant § 93— discretion of the Industrial Commission — introduction of additional evidence**

The principle that a motion for further hearing on the ground of introducing additional or newly discovered evidence rests in the sound discretion of the Industrial Commission is not applicable when the Commission declines to consider such a motion under a misapprehension of applicable principles of law.

APPEAL by plaintiff from Full Industrial Commission Opinion and Award of 19 February 1970.

This proceeding was originally heard before Deputy Commissioner Robert F. Thomas on 15 November 1968. Plaintiff was represented by counsel other than his present counsel. He presented no medical evidence. Defendant introduced a report of the Advisory Medical Committee to the Industrial Commission dated 11 October 1968 which contained a conclusion that the plaintiff was not disabled because of silicosis at that time. At the request of plaintiff's counsel, the hearing was recessed for thirty days to give counsel an opportunity to seek additional medical evaluation of plaintiff's condition. The case was subsequently continued several more times for the same reason. Finally on 25 March 1969 plaintiff's counsel was advised that the case would be held in abeyance until 25 May 1969. No communication was received from plaintiff's attorney. On 29 May 1969 Deputy Commissioner Thomas entered an award finding, in accordance with the report of the Advisory Medical Committee, which was the only medical evidence before him, that the plaintiff was not then disabled by reason of silicosis. An award was entered ordering the defendant to pay certain medical expenses and denying plaintiff's claim for compensation. The plaintiff did

not apply to the Full Commission for review within the seven-day period prescribed by G.S. 97-85.

Thereafter plaintiff secured the services of his present counsel of record, and on 15 August 1969 "requested that the above case be reopened and set for hearing the next time a Commissioner is in Moore County on the basis of a change of condition under G.S. 97-47 and/or to receive further evidence that Marvin A. Owens does have silicosis." Defendant filed a motion to dismiss for the reason, among others, that the cause had been concluded by the failure of plaintiff to appeal within the time allowed by law. Thereafter plaintiff filed a motion and affidavit, in part as follows:

MARVIN A. OWENS, through counsel JOHN RANDOLPH INGRAM, respectfully moves the Court that he be permitted to file an Appeal in the above reference case and to present new and further evidence to the effect that he has silicosis. In support of this Motion, he respectfully shows to the Court the following:

1. Upon information and belief, a decision was rendered in this case by Deputy Commissioner Thomas and filed on 29 May 1969. A copy of this was received by Mr. Owens on 3 June 1969 and he was admitted to the North Carolina Sanatorium [sic] on 6 June 1969 where he remained until 23 June 1969. Sometime prior to his admission to the hospital, Mr. Seawell, his lawyer at that time, told him that he had not had a hearing yet in his case and that he had a year to have a hearing. Mr. Seawell, his lawyer, wrote him a letter dated 7 June 1969 forwarding him all or most of his file. Marvin Owens was not physically able to do anything about his case nor does he possess the mental ability to do anything about his case without assistance of legal counsel. He cannot even sign his name, as illustrated by the Contract of Employment which is a matter of record in this case. There is also a letter dated 9 June 1969 in the file which indicates there is still something pending in this case. Mr. Seawell himself was sick and disabled during much or all of the time involved in the hearing and appeal time of this case.

2. Upon information and belief Dr. Vanore will testify that Marvin Owens has silicosis or pneumonoconiosis, [sic] which is the same thing, that he is totally disabled and accordingly is entitled to workmen's compensation disability

benefits, as a result of his employment with Standard Mineral Company. Another doctor, Dr. Hiatt, will testify that Marvin Owens has pneumonconiosis, [*sic*] and attached hereto is a medical report from McCain Sanatorium which says that Marvin Owens has pneumoconiosis."

On 2 December 1969 the cause came on for hearing before Deputy Commissioner Delbridge who entered an order which stated that medical evidence taken at the hearing tended to show that plaintiff had silicosis and allowed defendant's motion to dismiss for failure of plaintiff to appeal from the award entered on 29 May 1969. Plaintiff appealed to the Full Commission which on 19 February 1970, entered an order providing in part, as follows:

"It is the opinion of the Full Commission that this case was not properly set for hearing before Deputy Commissioner Delbridge nor was his order of dismissal proper under the circumstances. No one Commissioner or Deputy Commissioner of the Industrial Commission has the power to review or rule upon a decision or order issued by another Commissioner or Deputy Commissioner. This is a function of the Full Commission.

"THEREFORE, the Full Commission strikes out and sets aside the Order of Deputy Commissioner Delbridge filed 2 December 1969. The Opinion and Award of Deputy Commissioner Thomas filed in this case on 29 May 1969 has not been appealed and constitutes a final adjudication of the case."

From this Order of the Full Commission the plaintiff appealed to this Court.

*John Randolph Ingram for plaintiff appellant.*

*Young, Moore and Henderson by B. T. Henderson for defendant appellees.*

VAUGHN, Judge.

[1]   The order appealed from holds that the order Deputy Commissioner Thomas filed on 29 May 1969, from which no timely appeal was taken constitutes a final adjudication of the claim and, in effect, thus proscribes any relief for plaintiff. We conclude that the Commission was of the opinion that, in the light

of the order of 29 May 1969, it could not consider plaintiff's motion for a rehearing on the basis of a change of condition and to hear new evidence. At any rate, it did not do so. This constitutes error.

Plaintiff's application for review on the grounds of a change of condition under the provisions of G.S. 97-47 was made well within one year of the date of the award requiring payment of his medical bills and was thus timely. G.S. 97-47.

[2] Moreover, under the circumstances of this case, the Commission is not limited to a consideration of plaintiff's evidence as to changes in his condition since the order of 29 May 1969. It seems to be well established that the Industrial Commission "has the power, in a proper case, and in accordance with its rules and regulations, to grant a rehearing of a proceeding pending before it, and in which it has made an award on the ground of newly discovered evidence." *Butts v. Montague Bros.*, 208 N.C. 186, 179 S.E. 799. Ordinarily, a motion for further hearing on the grounds of introducing additional or newly discovered evidence rests in the sound discretion of the Industrial Commission. *Mason v. Highway Commission*, 273 N.C. 36, 159 S.E. 2d 574. This principle is not applicable where, as here, the Commission declines to consider such a motion under a misapprehension of applicable principles of law. From *Hall v. Chevrolet Co.*, 263 N.C. 569, 139 S.E. 2d 857, the following is thought to be appropriate.

"It is a fundamental rule that the Workmen's Compensation Act 'should be liberally construed to the end that the benefits thereof should not be denied upon technical, narrow and strict interpretation.' *Johnson v. Hosiery Co.*, 199 N.C. 38, 40, 153 S.E. 591, 593; *accord, Guest v. Iron & Metal Co.*, 241 N.C. 448, 85 S.E. 2d 596. According to some authorities,

'(T)he facts that evidence claimed as a basis of a motion to open a compensation award is not newly discovered and might have been offered at the original hearing in the exercise of due diligence and that counsel, through inadvertence, has failed to present a ground upon which compensation might be allowed, do not in themselves prevent the compensation commissioner from granting such a motion.' 58 Am. Jur., *Workmen's Compensation* § 541 (1948), citing *Olivieri*

*v. City of Bridgeport,* 126 Conn. 265, 10 A. 2d 770, 127 A.L.R. 1471."

Although we do not deem it necessary to quote further from the opinion in *Hall,* the principles declared and the quotations from other authorities set out in that opinion are pertinent here.

Reversed and Remanded.

Judges CAMPBELL and BRITT concur.