SAMUEL TANNER v. STATE DEPARTMENT OF CORRECTION; TRAVELERS INSURANCE COMPANY

No. 7310IC714

(Filed 14 November 1973)

1. State § 10— tort claim — appellate review

   In reviewing a decision of the Industrial Commission in a tort claim action, the appellate court has two questions to consider: whether the Commission's findings of fact are supported by competent evidence and whether its conclusions of law are supported by its findings of fact.

2. State § 8— tort claim — prisoner — riding on truck side rail — contributory negligence

   In this tort claim action by a prisoner to recover for injuries sustained when he fell from a pickup truck, the evidence was sufficient to support findings by the Industrial Commission that plaintiff was sitting on the side rail of a truck traveling on a dirt road and lost his balance and fell from the truck when the driver crossed from the left to the right side of the road, and such findings are sufficient to support the Commission's conclusions that plaintiff was negligent and that his negligence was a proximate cause of his injuries.

3. State § 7— motion to reopen tort claim action

   The Industrial Commission did not err in the denial of plaintiff's motion in a tort claim action to reopen the case for additional testimony where the Commission did not act under any misapprehension of law and plaintiff has shown no abuse of discretion.

   Judge HEDRICK dissenting.

APPEAL by plaintiff from opinion and award of the North Carolina Industrial Commission filed 7 June 1973.

Samuel Tanner, a prisoner at the Caledonia Correctional Farm in Halifax County, was injured when he fell from a moving truck on 4 November 1971. He brought suit against the Department of Correction under the Tort Claims Act, G.S. 143-291 to -300.1, alleging that his injuries were caused by the negligence of Leonard E. Newsome, a Department employee, who was driving the truck at the time of the accident. The case was heard originally before Deputy Commissioner C. A. Dandelake who denied plaintiff any recovery. Upon appeal to the Full Commission the findings of fact and conclusions of law of Deputy Commissioner Dandelake were adopted and his decision was affirmed.

According to the Commission's findings of fact, plaintiff was working in the fields with several other prisoners on the day he was injured. Shortly before noon that day, Leonard Newsome, the farm superintendent, came in a pickup truck to bring them back to the prison camp for the noonday meal. While riding in the back of the truck, plaintiff sat on the side rail. The prisoners had previously been instructed to sit in the bed of the truck rather than on the side rail, but on this particular day Newsome did not tell plaintiff to get off the rail. The road from the field where the prisoners had been working to the prison camp was a dirt road. Newsome "drove on the left-hand side of the road as it was smoother than the right-hand side, and after he had traveled several hundred feet he crossed over

to the right-hand side of the road; . . . the plaintiff, Samuel Tanner, was riding in the back of the truck, sitting over the side edge of the truck, over the wheel, and at this time he lost his balance and fell backward out of the truck and was badly injured."

From these facts the Commission concluded that both Newsome and the plaintiff had been negligent and denied plaintiff's claim.

Plaintiff has appealed to this Court.

*Vaughan S. Winborne for plaintiff appellant.*

*Attorney General Morgan, by Associate Attorney E. Thomas Maddox, Jr., for State Department of Correction.*

BALEY, Judge.

[1]    In reviewing a decision of the Industrial Commission in a case arising under the Tort Claims Act, an appellate court has two questions to consider: whether the Commission's findings of fact are supported by competent evidence, and whether its conclusions of law are supported by its findings of fact. *Mason v. Highway Commission,* 273 N.C. 36, 159 S.E. 2d 574; *Bailey v. Dept. of Mental Health,* 272 N.C. 680, 159 S.E. 2d 28.

[2]    The Commission's findings of fact are conclusive if there is any competent evidence supporting them, even though there may also be evidence that would justify a contrary finding. G.S. 143-293; *Jordan v. Highway Commission,* 256 N.C. 456, 124 S.E. 2d 140; *Harris v. Construction Co.,* 10 N.C. App. 413, 179 S.E. 2d 148. Here the testimony of the plaintiff, of the driver, Leonard Newsome, and of the two other prisoners who were riding in the back of the truck with plaintiff supports the finding by the Commission that plaintiff was sitting on the side rail of the bed of a moving truck traveling on a dirt road and lost his balance and fell backward out of the truck when the driver crossed from the left to the right side of the road. This finding is sufficient to support the Commission's conclusion that plaintiff was negligent and that his negligence was one of the proximate causes of his injury.

By sitting on the side rail of a moving truck traveling on a dirt road, plaintiff failed to exercise reasonable care for his own safety. He was an adult, had received prior warnings, and knew, or should have known of the danger involved. A person who sits on the side rail of a truck may easily fall onto the road

whenever the truck hits a bump in the road, rounds a curve too rapidly, swerves to one side, or makes a sudden stop. Several cases have held that a plaintiff may commit contributory negligence by "placing himself in a position of obvious peril" on a motor vehicle. *Burgess v. Mattox,* 260 N.C. 305, 307, 132 S.E. 2d 577, 578 (sitting on hood of moving truck); *Huffman v. Huffman,* 271 N.C. 465, 156 S.E. 2d 684 (sitting on fender of moving car); *Peeler v. Cruse,* 14 N.C. App. 79, 187 S.E. 2d 396 (standing on blade of motor grader). *Skinner v. Jernigan,* 250 N.C. 657, 110 S.E. 2d 301, cited by plaintiff, is factually distinguishable. In *Skinner* the plaintiff was standing in the bed of the truck holding to the cab. The boards and rails on the bed of the truck were about as high as the cab. The plaintiff did not fall out of the truck when it swerved; he was thrown out when the truck overturned. His standing in the bed was not a proximate cause of his injury.

The findings of fact by the Commission concerning the possible negligence of Newsome in his operation of the truck are sketchy and so limited as to leave in doubt the issue of Newsome's negligence; however, in view of the Commission's determination that plaintiff was negligent, which is supported by the evidence and findings and is decisive of the case, we do not reach the question of Newsome's negligence.

[3] At the time of his appeal from Deputy Commissioner Dandelake to the Full Commission, plaintiff moved to reopen the case for additional testimony. He contends that the Commission erred in refusing to grant his motion. This contention is without merit, because the decision whether to reopen a case is within the discretion of the Industrial Commission. *Mason v. Highway Commission, supra.* The decision on such a motion will be reversed only if the Commission has abused its discretion or has acted "under a misapprehension of applicable principles of law." *Owens v. Mineral Co.,* 10 N.C. App. 84, 87, 177 S.E. 2d 775, 777. Here the Commission did not act under any misapprehension of law, and plaintiff has shown no abuse of discretion.

The decision of the Industrial Commission denying the claim of the plaintiff is affirmed.

Affirmed.

Chief Judge BROCK concurs.

Judge HEDRICK dissents.

Judge HEDRICK dissenting:

It is my opinion that the facts found by the Commission fail to support its conclusion that both the plaintiff and defendant were negligent and that such negligence upon the part of each was a proximate cause of plaintiff's injuries. The findings of fact are not sufficiently definitive to be determinative of the issues between the parties. While the Commission found and concluded that the plaintiff "lost his balance" and fell from the moving truck, the findings are silent as to why the plaintiff lost his balance. The record is replete with evidence as to the speed and manner in which Newsome operated the truck, and as to the conduct of the plaintiff immediately before and at the time he fell. It is the duty of the Commission to make findings and conclusions determinative of the issues between the parties. This, in my opinion, it has failed to do.

I vote to vacate the order and remand the proceeding to the Commission for further findings and conclusions.