THOMAS GORDON OATES, ADMINISTRATOR OF THE ESTATE OF TOMMY GENE OATES, DECEASED v. NORTH CAROLINA DEPARTMENT OF MOTOR VEHICLES AND TRAVELERS INSURANCE COMPANY

No. 748IC927

(Filed 19 February 1975)

State § 8— tort claim — contributory negligence in taking and operation of patrol car

In this tort claim action, conclusion by the Industrial Commission that the contributory negligence of plaintiff's intestate was a proxi-

mate cause of his death was supported by findings that the intestate and another were arrested by a State trooper, that the trooper left the two arrestees in the patrol car with the motor running in front of a magistrate's office, that the intestate drove away in the patrol car, at times exceeding 100 mph, and that the patrol car was wrecked and the intestate was killed in the accident.

APPEAL by plaintiff from order of North Carolina Industrial Commission entered 15 July 1974. Heard in the Court of Appeals 22 January 1975.

The findings of fact by the Industrial Commission disclose the following events: Highway Patrol Trooper Gales arrested and took into his custody Tommy Gene Oates and Donald Wayne Stallings. He placed them in the front seat of his patrol car. Oates was seated in the middle, and Stallings was seated next to the right-hand door. Trooper Gales parked his patrol car in front of the magistrate's office in the Town of Fremont and went into the magistrate's office to secure arrest warrants for Oates and Stallings. Trooper Gales left Oates and Stallings sitting in the patrol car and left the key in the ignition switch with the motor running. Oates drove away in the patrol car, at times exceeding 100 miles per hour. After arriving at Goldsboro, the patrol car was wrecked, and both Oates and Stallings were killed in the accident. Oates was found pinned in the patrol car on the driver's side. Stallings was found on the ground on the right side of the patrol car.

This action for damages was brought by the administrator of Oates under the State Tort Claims Act, alleging negligence of Trooper Gales in leaving the patrol car keys in the ignition and his prisoners unguarded. The Industrial Commission found Trooper Gales negligent, found Oates contributorily negligent, and denied recovery by plaintiff.

*Kornegay & Bruce, by Robert T. Rice, for the plaintiff.*

*Attorney General Edmisten, by Associate Attorneys John R. Morgan and Elisha H. Bunting, Jr., for the State.*

BROCK, Chief Judge.

Findings of fact by the Industrial Commission are conclusive if supported by competent evidence. *Tanner v. Dept. of Correction,* 19 N.C. App. 689, 200 S.E. 2d 350 (1973). It is the function of the finder of the facts to resolve inconsistencies and conflicts in the evidence.

There is a serious question whether the findings of fact support a conclusion that the negligence of Trooper Gales was a proximate cause of the accident and the resulting death of Oates. However, that question is not presented to us by this appeal, and we do not pass upon it. Nevertheless, it is clear that the facts found support the conclusion that plaintiff's intestate (Tommy Gene Oates) was negligent in the taking and the operation of the trooper's patrol car and that the negligence of plaintiff's intestate was a proximate cause of the accident and the resulting death of plaintiff's intestate. Contributory negligence on the part of the claimant bars his recovery under the State Tort Claims Act. G.S. 143-299.1; *Crawford v. Board of Education,* 275 N.C. 354, 168 S.E. 2d 33 (1969).

Affirmed.

Judges BRITT and CLARK concur.