CRYSTAL POTTER v. NORTH CAROLINA SCHOOL OF THE ARTS

No. 7710IC743

(Filed 20 June 1978)

**State § 8.2 — explosion of fog machine at School of the Arts — contributory negligence**

In a tort claim action to recover for injuries suffered by plaintiff when a fog machine being used for a stage production at the School of the Arts exploded, the evidence supported the Industrial Commission's determination that defendant's employees were actionably negligent where it tended to show that plaintiff, a seventeen year old student at the school, was assistant stage manager for the production; the fog machine consisted of a large drum containing water heated by an element in the drum and into which a basket of dry ice could be lowered; when it was discovered that no dry ice was available, the machine was tested by using the contents of a fire extinguisher in place of the dry ice; the machine had no thermostat in violation of the city heating code; during the performance some two hours later, the theatre supervisor began to empty another fire extinguisher into the drum while plaintiff directed the fog onto the stage with a hose; the machine exploded; and the use of a sandbag to hold the lid in place on the machine indicated that school personnel were aware of the danger of pressure building up in the machine. Furthermore, plaintiff was not contributorily negligent where she did not take part in the test, and there was no evidence that plaintiff was responsible for turning the machine on or off or that she had any knowledge of how long it had been heating.

APPEAL by defendant from the North Carolina Industrial Commission. Order entered 21 April 1977 by the Full Commission. Heard in the Court of Appeals 2 June 1978.

This proceeding was brought under the Tort Claims Act, G.S. 143-291 *et seq*. Plaintiff alleged that she was severely burned when a fog machine being used backstage at defendant's Dome Theatre

exploded on 5 December 1974. Plaintiff was a boarding student at defendant school at the time of the incident. She was seventeen years old. At a hearing before a member of the Industrial Commission, plaintiff offered evidence tending to show that on 5 December 1974, she was an assistant stage manager for a production put on by her school. She had worked on the same production before. A faculty member and the theatre supervisor were present and responsible for the overall production. The stage manager was also an employee of defendant, although the work with this production was not part of her regular duties.

The fog machine consisted of a large drum containing water into which a basket of dry ice could be lowered. The lid on the drum was secured by placing a sandbag upon it. When the water was sufficiently heated using an electrical element in the drum, the addition of the dry ice produced fog which was directed onto the stage by a hose. The electrical element was not controlled by a thermostat. Normal operation of the machine involved one person to handle the dry ice and another to direct the fog to the proper place using the hose.

On the night of the performance, the stage crew discovered that there was no dry ice. When a substitute machine of a different design malfunctioned, someone suggested using an alternative form of $CO_2$ in the original machine. At approximately 8:00 p.m. the machine was tested by emptying the contents of a fire extinguisher into it. The results were satisfactory. The machine was left plugged in. During the performance some two hours later, on the cue for fog, the supervisor of the theatre began to empty another fire extinguisher into the drum. Plaintiff, with her back to the machine, directed the fog onto the stage. When the drum exploded, it blew scalding water onto her body causing first and second degree burns. She was treated at North Carolina Baptist Hospital for several weeks. She has permanent scars on her right arm, her back and her leg.

The hearing commissioner found that employees of the State, acting within the scope of their employment, were negligent in allowing the heat to build up in the machine between the time it was tested and the time it was used, in using the machine with no thermostat, and in using the machine without duplicating the conditions of the successful test. He found that plaintiff was not con-

tributorily negligent and awarded $25,000 in damages. Upon appeal to the Full Commission, the findings of fact and conclusions of law of the hearing commissioner were adopted, and his decision was affirmed.

*Attorney General Edmisten, by Assistant Attorney General Elisha H. Bunting, Jr., for the State.*

*William G. Pfefferkorn and Jim D. Cooley, for plaintiff appellee.*

VAUGHN, Judge.

Defendant states in its brief that "[i]t is not our position that the acts specified by the Industrial Commission did not occur, but that these acts were not negligent acts in the circumstances of this case and that the evidence does not support such a finding." Thus the only questions presented to us concern the sufficiency of the Commission's findings of fact to support its conclusions concerning negligence and contributory negligence. *See Bailey v. N.C. Dept. of Mental Health*, 272 N.C. 680, 159 S.E. 2d 28 (1968); *Tanner v. Dept. of Correction*, 19 N.C. App. 689, 200 S.E. 2d 350 (1973).

Defendant correctly points out that it should be held liable only for injuries which were reasonably foreseeable from use of the machine under these conditions. *Bennett v. Southern Ry. Co.*, 245 N.C. 261, 96 S.E. 2d 31, 62 A.L.R. 2d 785 (1957), *cert. den.*, 353 U.S. 958, 1 L.Ed. 2d 909, 77 S.Ct. 865. It then contends that since the machine worked under test conditions at 8:00 p.m., the defendant's employees had no reason to anticipate any danger of explosion later in the evening just because the water had continued to heat in a machine without any thermostat controls. The evidence showed that the machine did not conform to the Winston-Salem Heating Code which required it to have a thermostat. In some circumstances, violation of a safety ordinance is negligence per se. *Bell v. Page*, 271 N.C. 396, 156 S.E. 2d 711 (1967). Even were this not so, proof of violation of a safety ordinance is evidence of negligence. In either event the Industrial Commission had ample evidence before it to find that defendant's employees violated their duty of care to plaintiff. Thus if the facts as found by the Commission show that an explosion was a foreseeable risk from the use of the machine under the conditions

found during the performance, then the conclusion that defendant's employees were negligent has been fully supported.

It is an elementary concept of science that the pressure inside a closed container increases as the temperature of the liquid or gas contained in it increases. It is also a matter of common knowledge that the longer one applies heat to a liquid or gas, the hotter that liquid or gas will grow. Just as the lid will begin to rattle when a covered pot is left too long on the stove, the top of the fog machine was bound to become insecure if too much heat was allowed to build up inside the drum. Thus it was foreseeable that an explosion could occur if the heat of the contents was not controlled. The Commission found that sandbags were normally used to hold the lid in place. This indicates an awareness by the school personnel of the danger of pressure buildup in the machine. If defendant's employees were on notice of the danger and continued to heat the water so as to increase it, then these facts support a finding of actionable negligence on their part.

The defendant next contends that if these actions constituted negligence on the part of its employees, then they must also constitute negligence on plaintiff's part in that she had knowledge, capacity and duties similar to those of the negligent employees. We point out, however, that the Commission found from competent evidence that plaintiff did not take part in the test of the machine. Moreover, Susan Summers, the stage manager, testified that plaintiff "was a student helping out . . . . Her job was to do what I or Mary Wayne told her to do." At the time of the explosion she was going about her assigned duties as Mary Wayne, the supervisor of the Dome Theatre, tended to the machine. No evidence showed that she was at any time responsible for turning it on or off, or that she had any knowledge of how long it had been heating. In *Moody v. Kersey*, 270 N.C. 614, 155 S.E. 2d 215 (1967), the Court held that where a plaintiff engaged in his own work stayed on the job even after he overheard his supervisor report a condition which later proved to be unsafe, he was not contributorily negligent as a matter of law. The Court pointed out that he had no reason to believe that his supervisor would expose him to danger from an unsafe condition. *See also Lewis v. Barnhill*, 267 N.C. 457, 148 S.E. 2d 536 (1966). A seventeen-year-old girl should equally be able to rely on the employees of her school not to expose her to danger and in the absence of evidence that she

was aware of all the facts which made up negligence on their behalf, she should not be held contributorily negligent as a matter of law. Since the Industrial Commission's findings of fact do not compel the conclusion that plaintiff failed to exercise due care for her own safety, the conclusion that there was no contributory negligence on her part is without error.

Affirmed.

Chief Judge BROCK and Judge MARTIN concur.