WAYLAND HENRY CAVINESS v. ADMINISTRATIVE OFFICE OF THE COURTS

No. 8110IC565

(Filed 6 April 1982)

**Automobiles § 2.4; Clerks of Court § 13; State § 8.1— revocation of driver's license—erroneous information from assistant clerk of court—no contributory negligence by licensee**

In a tort claim action to recover damages allegedly resulting from the negligence of an assistant clerk of court in causing the Department of Motor Vehicles erroneously to revoke plaintiff's driver's license for driving under the influence by notifying the Department that plaintiff had been convicted of a second offense of driving under the influence when defendant had pleaded guilty to the lesser offense of careless and reckless driving, plaintiff was not contributorily negligent in failing to notify the clerk of superior court or the Department of Motor Vehicles that his license had been revoked by mistake where plaintiff went to his attorney for legal guidance; the attorney told plaintiff he would "straighten it out," took plaintiff's driver's license, and gave plaintiff a note stating that the attorney had the license; plaintiff was thereafter arrested for driving while his license was revoked; and a subsequent lawsuit instituted by plaintiff resulted in the correction of the records of the Department of Motor Vehicles and the rescission of his license revocation.

Judge HEDRICK dissenting.

APPEAL by plaintiff from the Industrial Commission Opinion and Award entered 19 January 1981. Heard in the Court of Appeals 2 February 1982.

This action by the plaintiff was brought under the provisions of G.S. 143-291 to recover damages allegedly caused by the negligent and erroneous filing of information with the North Carolina Department of Motor Vehicles which resulted in an incorrect record entry that plaintiff's driver's license had been revoked.

A hearing was held on this matter, and on 31 December 1979 the Deputy Commissioner entered the following order, in pertinent part, denying plaintiff's claim:

*Stipulations*

. . . .

2. That Virginia Way Lewallen was an employee of the State of North Carolina, and that said employee was acting at the time within the scope of her employment.

.   .   .   .

Based upon all the competent evidence adduced at the hearing the undersigned makes the following additional

### Findings of Fact

1. On January 4, 1975, the plaintiff was arrested and charged with the second offense of driving under the influence and failing to yield the right-of-way. The plaintiff was tried and was found guilty of these offenses in Randolph County District Court on April 22, 1975. He appealed these convictions to the Randolph County Superior Court where he was allowed to plead guilty to the lesser offense of careless and reckless driving on July 10, 1975. . . .

2. Prior to and on July 18, 1975, Virginia Way Lewallen was working as an Assistant Clerk of the Randolph County Superior Court for the defendant. . . .

3. On July 18, 1975, Virginia Way Lewallen completed and forwarded Form DL 47 to the North Carolina Department of Motor Vehicles stating incorrectly that the plaintiff had been convicted of the second offense of driving under the influence and failing to yield the right-of-way. . . . She did not keep a copy of this form or mail a copy to the plaintiff.

4. A letter dated August 26, 1975 (Official Notice and Record of Revocation of Driving Privilege) was prepared by and mailed to the plaintiff by Lessie Truelove, a checker with the North Carolina Department of Motor Vehicles. The information in this letter advised the plaintiff that his driving privilege was revoked for one year for driving under the influence of intoxicating liquor or drugs effective September 5, 1975, that he was directed to mail his driver's license to the North Carolina Department of Motor Vehicles and that it was unlawful to drive while his license was revoked. . . .

5. Sometime after August 26, 1975, the North Carolina Department of Motor Vehicles sent a request to the North Carolina Highway Patrol to pick up the driver's license of the plaintiff and sent a notice to the Chief of Police in Asheboro indicating the driving privilege of the plaintiff had been withdrawn during the week ending August 29, 1975. . . .

. . . .

7. Sometime between August 26, 1975 and October 22, 1975, the plaintiff went to his attorney, who took the plaintiff's driver's license and gave him a note stating that the attorney had the plaintiff's driver's license.

8. . . . On October 22, 1975, Sgt. Austin [of the Asheboro Police Department] saw the plaintiff driving a vehicle and gave him a citation for driving while his operator's license was revoked. . . . The plaintiff gave Sgt. Austin the note from his attorney and told him that there was a mistake because his driver's license was not revoked. After the plaintiff got the citation he saw his attorney again.

9. On November 4, 1975, the plaintiff through his attorney filed an action against Edward L. Powell, Commissioner of the North Carolina Department of Motor Vehicles, to restrain the Department of Motor Vehicles from depriving him of his lawful privilege to operate a vehicle. . . .

10. District Court Judge L. T. Hammond, Jr. found the plaintiff was not guilty of driving while his operator's license was revoked on or about December 31, 1975.

11. Superior Court Judge Douglas Albright entered a Judgment against Edward L. Powell, Commissioner of North Carolina Department of Motor Vehicles on April 16, 1976. Said Judgment reveals that a corrected record showing the plaintiff was convicted of careless and reckless driving had been furnished to the Division of Motor Vehicles; that the Division had corrected its records to show the plaintiff was convicted on July 10, 1975, of careless and reckless driving for an offense occurring on January 4, 1975; that the offense of driving under the influence had been removed from the record; that the revocation for driving under the influence effective September 5, 1975, had been rescinded and removed from the records; and that the pick-up notice issued for driving under the influence had been rescinded. . . .

12. According to J. T. Barker, Jr., Assistant Director of Driver's Services for the North Carolina Department of Motor Vehicles, a citizen's Driver's License Record Check For Enforcement Agencies may be corrected (1) by filing a

civil action, (2) by having the Clerk of Court file a corrected Form DL 47 with the North Carolina Department of Motor Vehicles, and (3) by writing to the North Carolina Department of Motor Vehicles. J. T. Barker, Jr. has no knowledge of receiving a corrected Form DL 47 from the Clerk of Court or a letter from the plaintiff with respect to the matter in question.

13. According to Linda Gallamore, Assistant Clerk of the Randolph District Court, mistakes on Form DL 47 are corrected by filing a corrected Form DL 47 with the North Carolina Department of Motor Vehicles when citizens notify the Clerk's office of the error. She was never requested to file a corrected Form DL 47 with the North Carolina Department of Motor Vehicles with respect to the matter in question.

14. Virginia Way Lewallen does not recall anyone requesting a corrected Form DL 47 be filed with the North Carolina Department of Motor Vehicles with respect to the matter in question.

.   .   .   .

17. The defendant, Administrative Office of the Courts' employee, Virginia Way Lewallen, was negligent in that she erroneously notified the North Carolina Department of Motor Vehicles that the plaintiff had been convicted of the second offense of driving under the influence and failing to yield the right-of-way and said negligence resulted in damages to the plaintiff.

18. The plaintiff was negligent in that he did not act as a reasonable and prudent person would have acted under the same or similar circumstances since he did not notify the North Carolina Department of Motor Vehicles or the Clerk of Randolph County Superior Court that his driver's license had been revoked by mistake and said negligence concurred with the negligence of the defendant, Administrative Office of the Courts' employee, and resulted in damages to the plaintiff.

The foregoing findings of fact and conclusions of law engender the following additional

## Conclusions of Law

1. The negligent acts on the part of the defendant, Administrative Office of the Courts' employee, resulted in damages to the plaintiff at the time and place heretofore described. G.S. 143-291, *et seq.*

2. The negligent acts on the part of the plaintiff contributed to his resulting damages at the time and place heretofore described. G.S. 143-291, *et seq.*

3. The defendant, Administrative Office of the Courts, is not legally responsible for the damages suffered by the plaintiff. G.S. 143-291, *et seq.*

Upon plaintiff's appeal, the Commission on 19 January 1981 adopted and affirmed the deputy commissioner's order as its own. Plaintiff excepted to this order of the Commission and appealed to this Court.

*Attorney General Edmisten, by Assistant Attorney General Elisha H. Bunting, Jr., for the State.*

*Ottway Burton, P.A., for plaintiff-appellant.*

BECTON, Judge.

Plaintiff argues on this appeal that the Commission committed reversible error in adopting and affirming the finding that he was contributorily negligent and denying his claim.

We first recognize that this Court's review of a decision of the Industrial Commission in a case arising under the Tort Claims Act is ordinarily limited to two questions: whether the Commission's findings of fact are supported by competent evidence, and whether the facts found in the order support the conclusions of law. *Tanner v. Dept. of Correction,* 19 N.C. App. 689, 691, 200 S.E. 2d 350, 351 (1973). Findings of fact supported by competent evidence are conclusive on appeal and the appellate court may not find additional facts even in the face of evidence in the record to support them, since under G.S. 143-293 this type of appeal is "for errors of law only." *Brown v. Board of Education,* 269 N.C. 667, 670, 153 S.E. 2d 335, 338 (1967).

We have carefully reviewed the findings of fact in the order which were made the subject of exceptions by the plaintiff and

have found that all of them have support in the evidence in the record. Therefore, the sole question on this appeal is whether the Commission was correct in its conclusion that plaintiff was contributorily negligent based upon the facts found. We hold that it was not.

The Tort Claims Act authorizes recovery only if the claimant is free from contributory negligence. *Crawford v. Board of Education,* 275 N.C. 354, 362-63, 168 S.E. 2d 33, 39 (1969). The same rules regarding negligence and contributory negligence which pertain in litigation between private individuals apply in actions under the Tort Claims Act. *Barney v. Highway Comm.,* 282 N.C. 278, 284, 192 S.E. 2d 273, 277 (1972). The burden of proving the plaintiff's contributory negligence is on the State. G.S. 143-299.1.

Whether a person will be deemed contributorily negligent depends on the peculiar facts of each case. *Smith v. Fiber Controls Corp.,* 300 N.C. 669, 677, 268 S.E. 2d 504, 509 (1980). As aptly summed up in *Chaffin v. Brame,* 233 N.C. 377, 380, 64 S.E. 2d 276, 279 (1951), "This is so because the true and ultimate test is this: What would a reasonably prudent person have done under the circumstances as they presented themselves to the plaintiff?"

In the case at hand plaintiff knew that on 10 July 1975 he had pleaded guilty in superior court to the lesser offense of careless and reckless driving and thereby kept his driving license. Yet, he nevertheless received a letter dated 26 August 1975 which stated that his driving privilege was revoked for one year for driving under the influence of intoxicating liquor or drugs effective 5 September 1975. Between the date of receiving this letter containing information which he knew to be in error and the date of his arrest, plaintiff went to his attorney for advice on this matter. His attorney took his driver's license and gave him a note explaining that his license was in the hands of his attorney. Plaintiff further testified that his lawyer, Mr. Burton, told him a mistake had been made; that Mr. Burton told plaintiff he "had been notified" and would "straighten it out;" and that Mr. Burton telephoned someone concerning the mistake in plaintiff's presence.

On 22 October 1975 plaintiff was given a citation by a police officer for driving while his operator's license was revoked. Plaintiff promptly showed the officer the note from his attorney and

told him there was a mistake because his driver's license was not revoked. A subsequent lawsuit instituted by plaintiff resulted in the correction of the records of the Department of Motor Vehicles along with the rescission of plaintiff's license revocation.

In all of the above, plaintiff, knowing that a mistake had been made, went to this attorney for legal advice and guidance. We believe that the action of the plaintiff under these circumstances in going back to the attorney he had paid to save his driver's license and in following the directions of this attorney, whom he trusted to correctly counsel him as to the legal consequences of his conduct, was consistent with that of a reasonable and prudent person. Plaintiff may have realized that he would ultimately be stopped if the mistake was not corrected promptly. Indeed, he may have assumed the risk of being stopped and having to go back to court to "straighten it out." These factors may relate to his damages; they do not, in our view, establish that plaintiff was contributorily negligent.

In light of our decision, we do not reach the issue of what damages, if any, plaintiff has suffered in this matter but remand this case to the Commission for a further hearing consistent with this opinion.

Reversed and remanded.

Judge HILL concurs.

Judge HEDRICK dissents.

Judge HEDRICK dissenting.

I respectfully dissent from the opinion of the majority and vote to affirm the opinion and award of the Industrial Commission; however, I disagree with the reasoning of the Industrial Commission which found and concluded that the defendant was negligent and that such negligence was a proximate cause of damages to the plaintiff. The evidence and the findings support the conclusion that the deputy clerk of superior court was negligent in reporting on 18 July 1975 that plaintiff had been convicted of a second offense of driving under the influence and failing to yield the right-of-way, but the evidence and findings do not

Simmons v. C. W. Myers Trading Post

support the conclusion that such negligence was a proximate cause of damages suffered by plaintiff. The erroneous report was sent by the deputy clerk on 18 July 1975 and plaintiff was advised on 26 August 1975 that his driving privileges were revoked effective 5 September 1975. Plaintiff was not arrested for driving after his license was revoked until 22 October 1975. Any damages suffered by plaintiff flowed from this arrest. Thus the sole proximate cause of plaintiff's damages, if any, was his conduct in driving after he received the notice that his license had been revoked. In my opinion the evidence and findings support and require such a conclusion.