HULCHER BROTHERS & CO., AND CHARLES HULCHER v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION

No. 8410IC1251

(Filed 6 August 1985)

State § 8; Automobiles and Other Vehicles § 72— asphalt truck driven by State employee—brake failure—failure to down-gear and run against retaining wall

The Industrial Commission did not err by finding that a State employee was negligent in failing to down-gear his asphalt truck and run it against a retaining wall after its brakes failed where the facts in the case permitted the fact finders to conclude that the driver did or did not act with due care in the sudden emergency created by the brake failure. G.S. 143-291 *et seq.*

APPEAL by defendant from the decision and order of the North Carolina Industrial Commission filed 13 September 1984. Heard in the Court of Appeals 5 June 1985.

*W. G. Mitchell for plaintiff appellees.*

*Attorney General Thornburg, by Assistant Attorney General Sandra M. King, for defendant appellant.*

PHILLIPS, Judge.

This suit for property damage and personal injury, brought under the provisions of the State Tort Claims Act, G.S. 143-291, *et seq.*, arose out of a collision between a large truck owned by the defendant and a Pontiac station wagon owned by the cor-

porate plaintiff and operated by the individual plaintiff. The defendant's appeal is from the decision of the Industrial Commission, which awarded damages to both plaintiffs. The only question presented is whether the Industrial Commission erred in finding that defendant's truck driver negligently caused the collision involved.

The evidence relating to this question was as follows: Defendant's truck, loaded with 1,200 gallons of asphalt, was being driven by Gary Parlier in the center lane of a three-lane roadway in North Wilkesboro. Parlier had driven the truck before on several occasions. When defendant's truck approached the intersection of CBD Loop and Sixth Street, a four-lane, two-way road, at approximately 25 M.P.H., Parlier applied his foot brakes to slow for a red traffic light, but the brakes failed. Seeing a car stopped for the red light ahead of him in his lane, he swerved into the left lane and avoided the stopped car, and staying in the left lane of CBD Loop he continued steering the brakeless truck toward the Sixth Street intersection without shifting down into a lesser gear until the truck crashed into plaintiff's Pontiac, which was on Sixth Street waiting for traffic to clear before turning left at the intersection. Adjacent to the route traveled by defendant's brakeless truck was an 8 foot high concrete retaining wall. The Commission found that Parlier was negligent in failing to down-gear the truck and run it against the retaining wall.

That Parlier did not down-gear the truck and run it into the retaining wall before running into the intersection of a busy city street against a red light, as the Commission found and competent evidence showed, is not disputed. What is disputed is the Commission's finding that a reasonably prudent person would have done so under the same or similar circumstances. Defendant contends that faced with the sudden emergency that admittedly arose that it follows as a matter of law that the driver was not negligent in doing as he did. We disagree. What a reasonably prudent person will or will not do under various circumstances, including emergency circumstances, is nearly always a question of fact, not of law. Only when the facts are such that reasonable minds can reach but one conclusion does the question become one of law. *Patton v. Southern Railway Co.*, 82 F. 979 (4th Cir. 1897); *Brown v. Durham*, 141 N.C. 249, 53 S.E. 513 (1906). The facts in this case did not require the fact finders to conclude that the

defendant's driver acted with due care; they also permitted them to conclude that he did not. Though the sudden brake failure certainly created an emergency, such incidents often occur, particularly with heavily loaded trucks in mountain areas, and do not always lead to a collision with other vehicles on the highway. It is as reasonable to conclude, we believe, that trying to stop the heavily loaded truck by the means that were readily available was the driver's first duty in the circumstances that developed as it is to conclude that permitting the truck to run the red light into the much traveled intersection without trying to stop it constituted due care. Since the Commission's finding of fact is supported by the evidence, it is binding upon us, even though a finding to the contrary could have been made. *Tanner v. State Department of Correction*, 19 N.C. App. 689, 200 S.E. 2d 350 (1973).

Affirmed.

Judges BECTON and EAGLES concur.