Hoover v. Charlotte-Mecklenburg Bd. of Education

SANDRA L. HOOVER, PATRICIA PHILLIPS, JUDITH A. HOOVER & IRITA L. MURRAY v. CHARLOTTE-MECKLENBURG BOARD OF EDUCATION

No. 8710IC219

(Filed 20 October 1987)

**State § 8.4— school bus accident—no negligence of defendant or employees**

In an action under the Tort Claims Act to recover for injuries sustained in a school bus accident, the Industrial Commission did not err in making findings and conclusions that defendant was in no way negligent in the maintenance, repair, or operation of the school bus.

APPEAL by plaintiffs from the North Carolina Industrial Commission. Decision and order entered 21 October 1986. Heard in the Court of Appeals 28 September 1987.

This is an action instituted before the North Carolina Industrial Commission under the Tort Claims Act wherein plaintiffs seek to recover damages for personal injuries arising from a school bus accident. The Commission made the following findings of fact:

1. On 19 November 1975 one of defendant's school buses was driven upon its regular route along 28th Street in the City of Charlotte by Charles Warren McMurray. Mr. McMurray was a school bus driver who was paid by State funds. The school bus which he drove was Number 306.

2. After the school bus had been driven approximately one hour on its regular route and after approximately thirty-five (35) children had been picked up, the bus was driven across railroad tracks on 28th Street in Charlotte. Up until such time the bus had operated normally.

3. After crossing the railroad tracks and after stopping for a traffic signal at the next intersection, the school bus driver increased the speed of the bus to approximately twenty (20) miles per hour. At such time the bus started shaking and a clicking noise was heard. Almost immediately thereafter a loud noise was heard and the rear wheel assembly came off of the bus. The school bus driver immediately applied the brakes of the bus and the brakes did not operate. The bus went off the street and as a result of such accident

certain of the children on the bus, including plaintiffs, received injuries.

4. The rear wheel assembly of the school bus was attached to the bus by the use of "U" bolts. One or more of the "U" bolts had for some unknown reason sheered off causing the separation between the chassis of the school bus and the rear wheel assembly and thus caused the school bus to wreck.

5. The school bus driver drove the school bus in a proper manner and had no warning or indication of the fact that the rear wheel assembly was about to come off of the bus until it occurred. The school bus driver acted the same as a reasonably prudent person would have done under the same or similar circumstances and there was no negligence upon his part.

6. The school bus involved in the accident giving rise hereto was a 1969 Chevrolet. Mr. Donald Baucom, as Director of the defendant's transportation system, was in charge of the general maintenance and servicing of the school buses operated by defendant. A regular monthly inspection was conducted on the bus here involved as well as all other buses operated by defendant and at least once a year a major inspection was conducted on all the buses. Such inspection involved removing the wheels and axles of the bus for inspection. There had been no indication in the previous inspections that there was any defect in the school bus rear wheel assembly which would cause such wheel assembly to be separated from the bus.

7. The Director of Transportation of defendant acted the same as a reasonably prudent person would have done under the same or similar circumstances and there was no negligence upon his part.

Based on these findings, the Commission concluded:

There has been no showing of negligence upon the part of any of the employees of defendant while acting within the scope and course of their employment. This is fatal to plaintiffs' claims and they must, therefore, be denied. . . .

In an opinion filed 21 October 1986, the Commission denied plaintiffs' claims. Plaintiffs appealed.

*Wm. Benjamin Smith for plaintiffs, appellants.*

*Attorney General Lacy H. Thornburg, by Associate Attorney General Randy Meares, for defendant, appellee.*

HEDRICK, Chief Judge.

In their first assignment of error, plaintiffs contend that Findings of Fact Nos. 2, 3 and 5 of the Commission's decision and order are not supported by evidence in the record. On that basis, plaintiffs also contend the conclusion of law is not supported by sufficient findings of fact and that the Commission's decision and order is not supported by evidence in the record.

The Industrial Commission's findings of fact are binding on appeal if supported by competent evidence even though there is also evidence which would support a contrary finding. *Tanner v. Dept. of Correction*, 19 N.C. App. 689, 200 S.E. 2d 350 (1973). The testimony of the bus driver, Charles McMurray, found in the record, supports each of the three findings challenged by the exceptions noted in support of these assignments of error. While there is some testimony in the record contrary to that of the bus driver, the Commission's findings are amply supported by competent evidence in the record. The conclusion is therefore supported by sufficient findings of fact, and the decision and order is supported by competent evidence. There is no merit to this assignment of error.

Plaintiffs next argue that Findings of Fact Nos. 6 and 7 are not supported by evidence in the record. The testimony of defendant's director of transportation, Donald Baucom, supports a finding that there was no negligence on his part and there is no evidence to the contrary. The Industrial Commission's findings and conclusion are therefore binding on this Court, and we hold these assignments of error to have no merit.

Finally, plaintiffs contend the Commission erred in not finding the doctrine of *res ipsa loquitur* to apply. The Commission found and concluded "[t]here has been no showing of negligence upon the part of any of the employees of defendant while acting within the scope and course of their employment." From the rec-

ord we cannot determine whether the doctrine was considered. Suffice it to say, however, there is nothing in the record to indicate the Commission did not consider all the evidence, the doctrine of *res ipsa loquitur* or otherwise, in making findings and conclusions that defendant was in no way negligent in the maintenance, repair or operation of the school bus.

The decision of the Industrial Commission is affirmed.

Affirmed.

Judges ARNOLD and ORR concur.