The appealing party has shown good ground to reconsider the evidence. However, upon detailed reconsideration of the evidence, the Full Commission reaches the same conclusions as those reached by the Deputy Commissioner, with modifications. The Full Commission has determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support the findings of fact, conclusions of law and ultimate award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing, and in a Pre-Trial Agreement dated 31 July 1996, as:
 STIPULATIONS
1. The parties are subject to the North Carolina Tort Claims Act.
2. Plaintiff was an inmate held at the Guilford Correctional Center (hereinafter "Guilford") on 28 or 29 April 1992, when both of his wrists were injured on the metal strips of the dining hall windows at Guilford while playing basketball.
3. All medical records for the treatment of plaintiff's injuries are stipulated into evidence and are marked as Stipulated Exhibit #1.
 ***********
Based upon all of the competent evidence adduced at the hearing, the Full Commission makes the following:
 FINDINGS OF FACT
1. On 28 April 1992, plaintiff was playing basketball on the court at Guilford. At that time, plaintiff was incarcerated at Guilford as an inmate within the Department of Correction. At the time of the hearing, plaintiff had been released from prison and was currently living and working in Greensboro.
2. The basketball court at Guilford is standard size with permanently affixed basketball hoops. An exterior wall of the dining hall is located approximately eight and one-half feet away from one side of the court. There are windows on this wall, and on each window there are several metal strips to prevent stray basketballs from breaking the windows.
3. Before 28 April 1992, plaintiff had played basketball on the court at Guilford once or twice a week.
4. During the basketball game on 28 April 1992, at approximately 4:30 p.m., an inmate threw a pass beyond plaintiff's reach. Plaintiff pursued the ball out of bounds, building up so much speed that he was unable to stop himself before hitting the side of the dining hall. Plaintiff extended his arms so that he would not hit the window of the dining hall face first, and cut his wrists upon the metal strips.
5. Plaintiff received immediate medical attention. It was discovered that plaintiff had cut both his wrists. Plaintiff received medical treatment, provided by defendants, from approximately 28 April 1992 until December 1993.
6. The strips across the dining hall windows were installed to prevent basketballs from the hitting the windows and breaking them. The strips were installed as a safety precaution so that inmates and staff would not be injured by broken glass. Until plaintiff's injury on 28 April 1992, defendant never received a complaint over the use of the window strips, or any reports of injury due to the strips.
7. In his affidavit, plaintiff names George Terrell, Jr., a unit maintenance officer at Guilford, as the allegedly negligent employee of defendant.
8. On 28 April 1992, Mr. Terrell's duties included replacing light bulbs, plumbing, maintaining the facility's lawn mowers, and inspecting the fire hose and extinguishers. The metal strips on the dining hall windows were installed before Mr. Terrell's employment with defendant. Mr. Terrell never repaired, replaced, or worked on the strips before plaintiff's injury. Mr. Terrell personally lacked the authority to perform any work on the strips, and only examined and performed work on the strips following plaintiff's injury under specific orders.
9. Before 28 April 1992, Mr. Terrell never knew of an inmate injuring himself on the strips. He never received any complaints about the strips.
10. On 28 April 1992, Stephen D. Muller was assistant-superintendent of Guilford, and Mr. Terrell's supervisor. Mr. Muller began working at Guilford in 1976. His initial position was correctional sergeant, and he gradually rose to his current rank of superintendent.
11. In the early 1980's, Mr. Muller was instructed to have the strips installed in order to protect the windows of the dining hall from stray basketballs. Mr. Muller did not personally install the strips, and knew nothing about their characteristics (e.g., whether they had sharp or dull edges).
12. Mr. Muller was never notified of an injury involving the metal strips until plaintiff's injury in April 1992. Before plaintiff's injury, the only complaint Mr. Muller received concerning the basketball court came from the dining hall workers, who were bothered by the noise.
13. Following plaintiff's accident, Mr. Muller was instructed by his superior(s) to have work performed on the strips. Mr. Muller in turn instructed Mr. Terrell to perform the remedial work on the strips.
14. Mr. Muller's duties included inspecting Guilford to identify and correct potential safety hazards. Guilford's fire exits and general sanitation are examples of items regularly covered in these inspections. Mr. Muller used a checklist identifying potential safety hazards in performing his inspections.
15. Mr. Terrell and Mr. Muller had no notice that the strips were potentially dangerous to inmates playing basketball on the court at Guilford. It was not reasonably foreseeable to Mr. Terrell or Mr. Muller that the strips were potentially dangerous to inmates playing basketball on the court at Guilford.
16. Plaintiff failed to exercise reasonable care to protect his own safety when he pursued the errant pass out of bounds, and built up so much speed that he was unable to stop himself before hitting the side of the dining hall.
 ***********
The foregoing stipulations and findings of fact engender the following:
 CONCLUSIONS OF LAW
1. The Deputy Commissioner did not abuse her discretion in denying plaintiff's motion to amend the affidavit when that motion was filed over ninety days after the hearing. Mason v. NorthCarolina State Hwy. Commission, 273 N.C. 36, 159 S.E.2d 574
(1968). However, the outcome of this case would not be altered by the addition of Mr. Muller as a named allegedly negligent employee of defendant.
2. The Deputy Commissioner erred in granting defendant's motion to dismiss on the ground that plaintiff's affidavit failed to include the name of the State employee upon whose alleged negligence the claim is based. The purpose of requiring the plaintiff to name the allegedly negligent employee of defendant is to enable defendant to investigate the employee involved, and not all employees. Although the Tort Claims Act is strictly construed, the rule of strict construction should not be replaced by one of "technical stringency." Plaintiff's affidavit gave sufficient notice to defendant to allow it to narrow its investigation to those responsible for maintenance at Guilford. Defendant has not indicated that it was hampered in its investigation, and it is obvious from defendant's use of Mr. Muller as a witness at the hearing that defendant broadened the scope of its investigation to include him. Therefore, because the objective of section 143-297 was achieved, it was error for the Deputy Commissioner to grant defendant's motion to dismiss on the ground that plaintiff's affidavit was defective. Davis v. N.C.Dept. of Human Resources, 121 N.C. App. 105 , 465 S.E.2d 2 (1995); N.C. Gen. Stat. § 143-297.
3. Defendant had a duty of reasonable care to protect plaintiff from reasonably foreseeable harm. Taylor v. N.C. Dept.of Correction, 88 N.C. App. 446, 363 S.E.2d 868 (1988). On and before 28 April 1992, Mr. Terrell and Mr. Muller had no notice that the strips were potentially dangerous to plaintiff. On and before 28 April 1992, it was not reasonably foreseeable to Mr. Terrell or Mr. Muller that the strips were potentially dangerous to plaintiff. Defendant did not breach its duty of reasonable care to protect plaintiff because the harm that plaintiff suffered was not reasonably foreseeable. Id.
4. To the extent that any negligence is attributable to defendant, plaintiff's own contributory negligence bars recovery. Plaintiff failed to exercise reasonable care to protect his own safety when he pursued the errant pass out of bounds, and built up so much speed that he was unable to stop himself before hitting the side of the dining hall. N.C. Gen. Stat. § 143-291.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim must be, and hereby is, DENIED.
2. Each side shall bear its own costs.
 S/ ________________________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/ ______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ______________________ DIANNE C. SELLERS COMMISSIONER